**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DIVX, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC. and REALTEK SEMICONDUCTOR CORP.,<br><br>    Defendants. | C.A. No. 20-1202-CFC-JLH |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Alternate Service pursuant to Federal Rule of Civil Procedure 4(f)(3). (D.I. 16.) Plaintiff's motion is GRANTED.

Plaintiff filed a complaint alleging patent infringement against defendants LG Electronics Inc., LG Electronics U.S.A., Inc., and Realtek Semiconductor Corp. ("Realtek") on September 9, 2020. (D.I. 1.) According to the complaint, Realtek is a Taiwanese corporation with a principal place of business in Taiwan. (*Id.* ¶ 8.) The record before the Court reflects that Realtek is currently involved in an ITC investigation concerning the same patents at issue in this action. (D.I. 17 ¶ 3.) Realtek is represented in the ITC investigation by K&L Gates LLP, and its lead counsel is Theodore Angelis ("Realtek's ITC counsel"). (*Id.*) In that action, Realtek has requested discovery from Plaintiff, responded to discovery requests propounded by Plaintiff, and participated in meet and confers. (*Id.* ¶ 13.)

On October 14, 2020, Plaintiff requested that the Clerk serve Realtek with the complaint and summons in this case via mail, in accordance with Rule 4(f)(2)(C)(ii). (D.I. 8.) That same day, the Clerk sent a copy of the complaint and summons to Realtek by registered mail. (D.I. 10.)

On November 12, 2020, the mailing was returned to the Clerk, and it appears that it may have been refused by the recipient. (D.I. 12; D.I. 14; D.I. 17 ¶ 14.)

Meanwhile, on October 23, 2020, Plaintiff was informed by Realtek's ITC counsel that it was authorized to enter into a waiver of service agreement on behalf of Realtek with respect to this action. (D.I. 17 ¶ 7.) Realtek's ITC counsel also stated that Realtek would be represented in this action by Robert Benson of the law firm Orrick Herrington & Sutcliffe LLP.

On October 23, 2020, Plaintiff sent an e-mail to Realtek's ITC counsel setting forth the terms of the agreement. (*Id.*, Ex. 2.) Mr. Benson was copied on the e-mail. (*Id.*) On October 29, Plaintiff sent a "draft stipulation of waiver and extension for the DivX district court action," and Mr. Benson responded that he would "connect with our local counsel and circulate any further edits from our end by tomorrow morning." (*Id.*, Ex. 3.) On November 3, however, Plaintiff was informed via e-mail that "there is no longer an agreement regarding service in the District Court action brought by DivX" and that "Realtek's position is that service of process must be accomplished through letters rogatory." (*Id.* ¶ 12, Exs. 5, 6.) In response to a November 21 inquiry from Plaintiff, Mr. Benson stated on November 23 that he was "not authorized to appear in this action or take any position on [a motion for alternate service] at this time." (*Id.* ¶ 15, Ex. 7.)

On December 2, 2020, Plaintiff filed a Motion for Alternate Service pursuant to Rule 4(f)(3). (D.I. 16.) Plaintiff requests that the Court order that service of the complaint and accompanying documents be made via e-mail on Realtek's ITC counsel and Mr. Benson.

Federal Rule of Civil Procedure 4 sets forth the requirements for service of process. Fed. R. Civ. P. 4. Rule 4(h)(2) authorizes service on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f), in turn, states the following:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
>> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>>
>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>>
>>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>>
>>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>>
>>> (C) unless prohibited by the foreign country's law, by:
>>>
>>>> . . .
>>>>
>>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>>
>> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Plaintiff seeks to proceed under (f)(3).[1] Pursuant to (f)(3), the Court may order that service be made by any means not prohibited by an international agreement, as long as the chosen means

---

[1] As Plaintiff points out, Taiwan and the United States have not signed or entered into any treaties or agreements regarding service of process from the United States courts, so subsection (f)(1) is inapplicable. *See, e.g.*, *Asia Cube Energy Holdings, Ltd. v. Inno Energy Tech Co.*, No. 20-CV-6203 (AJN), 2020 WL 4884002, at *2–3 (S.D.N.Y. Aug. 17, 2020) ("Taiwan is not a party to the Hague Convention or to any other treaty or agreement with the United States regarding service of process." (internal marks and citation omitted)); *see also* U.S. Dep't of State, Judicial Assistance

satisfies the due process requirement of being "reasonably calculated" to apprise the parties of interest of the action. *In re Heckmann Corp. Sec. Litig.*, No. 10-378-LPS-MPT, 2011 WL 5855333, at *3 (D. Del. Nov. 22, 2011); *see also Asia Cube*, 2020 WL 4884002, at *2–3.

The undersigned is unaware of any international agreement that prohibits service of process on a Taiwanese corporation via e-mail to its U.S. counsel, and it appears that there isn't any. *See* n.1, *supra*. In addition, having examined the record before the Court, I find that service via e-mail to Realtek's ITC counsel—who is actively defending Realtek in an ITC matter involving the same patents—and Mr. Benson—who the record suggests has already been contact with Realtek regarding the complaint in this action—are "reasonably calculated" to inform Realtek about this action. *See Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 WL 4977944, at *5 (E.D. Pa. Dec. 7, 2010) (e-mail service on foreign defendants' U.S. counsel comported with due process where the defendants were in "regular contact with their counsel"); *see also Asia Cube*, 2020 WL 4884002, at *3 (e-mail service comported with due process where the record suggested that the defendant would likely receive the summons and complaint). I also find that proceeding with e-mail service under Rule 4(f)(3) is particularly appropriate here, as Plaintiff has already made reasonable efforts to effectuate service on Realtek.

---

Country Information: Taiwan (last updated Nov. 15, 2013), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Taiwan.html.

Plaintiff has also attempted, unsuccessfully, to serve Realtek pursuant to subsection (f)(2)(C)(ii), as described above.

4

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

Plaintiff DivX, LLC's Motion for Alternate Service (D.I. 16) is GRANTED. Plaintiff may serve the summons and complaint on Defendant Realtek via e-mail(s) to (1) Realtek's ITC counsel, including Theodore Angelis of K&L Gates LLP, and (2) Robert Benson of Orrick Herrington & Sutcliffe LLP.

Dated: February 5, 2021

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE