# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVX, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC.; LG ELECTRONICS U.S.A., INC., and REALTEK SEMICONDUCTOR CORP.,<br><br>    Defendants. | C.A. No.: 20-cv-1202-CFC-JLH<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO STAY PENDING FINAL DETERMINATION BY THE ITC OF INVESTIGATION NO. 337-TA-1222**

Plaintiff DivX, LLC. ("Plaintiff" or "DivX") respectfully moves this Court for an order to stay this action against Defendant Realtek Semiconductor Corp. ("Realtek") pending a final determination of the United States International Trade Commission in the investigation entitled *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same*, Investigation No. 337-TA-1222 ("the ITC Investigation"). Pursuant to D. Del. Local Rule 7.1.1, counsel for DivX informed counsel for Realtek about DivX's intent to file this motion on March 5, 2021. Following that, counsel met and conferred via telephonic conference on March 8, 2021, on which counsel for Realtek stated that it opposes this motion.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 9, 2020, DivX filed a Complaint against Realtek, LG Electronics, Inc. and LG Electronics U.S.A., Inc., in this District. The next day, September 10, 2020, DivX filed a Complaint against Realtek and LG in the International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930 as amended, styled *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same*. Exhibit A, ITC Complaint. On October 14, 2020, in response to DivX's ITC Complaint, the ITC issued a Notice of Institution of Investigation to determine whether named Respondents Realtek and LG (among others[1]) are violating Section 337 by selling for importation, importing into the United States, and/or selling within the United States after importation, certain video processing devices, components thereof, and digital smart televisions containing the same that infringe one or more claims of DivX's U.S. Patent Nos. 8,832,297 ("the '297 Patent"), 10,212,486 ("the '486 Patent"), 10,412,141 ("the '141 Patent"), and 10,484,749 ("the '749 Patent") (collectively, the "Asserted Patents"). Exhibit B, ITC Notice of Institution.

---

[1] Realtek, as well as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Electronics HCMC CE Complex, Co., Ltd. (collectively, "Samsung"), LG Electronics Inc. and LG Electronics USA, Inc. (collectively, "LG"), TCL Corporation, TCL Technology Group Corporation, TCL Electronics Holdings Limited, TTE Technology, Inc., Shenzhen TCL New Technologies Co. Ltd., TCL King Electrical Appliances (Huizhou) Co. Ltd., TCL MOKA International Limited, and TCL Smart Device (Vietnam) Co., Ltd (collectively, "TCL"), MediaTek Inc., MediaTek USA Inc., and MStar Semiconductor, Inc. (collectively, "MediaTek") are respondents in the ITC Investigation. Exhibit B, ITC Notice of Institution.

Following the ITC's Notice of Institution's publication in the Federal Register, fact discovery in the Investigation commenced on October 19, 2020, and is currently set to close on March 12, 2021. Exhibit C, Order No. 11 (Nov. 11, 2020).[2] A *Markman* Hearing at the ITC was held on February 11, 2021, and the evidentiary hearing in the ITC Investigation is scheduled for July 7-9, and 12-15, 2021. Exhibit C, Order No. 11 (Nov. 11, 2020).

The Asserted Patents at-issue in the ITC Investigation are the same as the patents asserted in this action.[3] *See* D.I. 1 at ¶¶ 10-13, and Ex. A at ¶¶ 4.7, 4.13, 4.21, 4.27. The Realtek products at-issue in the ITC Investigation are also accused of infringing the Asserted Patents in this action. *See* D.I. 1 at ¶ 21, and Ex. A at ¶ 1.3. As a result, the ITC Investigation involves many of the same issues that are presented in this action, with respect to the claims and defenses of infringement and validity of the Asserted Patents. In addition, for example, the Complaint in this case includes allegations of infringement based upon Realtek's products, many of which are included in the products of the LG Defendants in this case:

> [T]he Realtek video processing system and components thereof (comprising a main board hardware and integrated

---

[2] Recently, the Administrative Law Judge implemented a short extension of the dates for exchange of non-burden contention discovery responses, and fact discovery, in the Procedural Schedule (Ex. C, Order No. 11) to come due on March 12, 2021, and March 26, 2021, respectively. The trial dates remain for July 7, 2021.

[3] DivX has noticed a motion to further terminate the ITC Investigation-in-part as to certain claims of two of the four asserted patents in this case (the '297 Patent and '141 Patent) against Realtek.

3

>operating system, middleware, application program, video processing, and/or digital rights management (DRM) software that runs, e.g., on the LG 43UM6910PUA smart television), includes an RTD287o SoC that (on information and belief) is designed, manufactured, and packaged for LG by Realtek as the LGE9551…At least one of the streaming protocol clients for at least one of the products containing the Realtek video processing system, e.g., LG 43UM6910PUA's MPEG-DASH client, in conjunction with one of the at least one of the products containing the Realtek video processing system, e.g., LG 43UM6910PUA's supported DRM clients, for example PlayReady, receives MP4 container file(s) with video data at a segment parser where portions of the container file are extracted.

D.I. 1 at ¶ 77.  Thus, several issues relating to infringement are relevant to both Realtek and LG in this case, including with respect to discovery.

Regarding the LG Defendants in this action, summons were issued on September 9, 2020.  D.I. 5.  On September 11, 2020 LG was served. D.I. 6.  Just over a month later, on November 16, 2020, LG (a Respondent in the ITC Investigation) moved to stay the instant proceedings as to the LG Defendants under to 28 U.S.C. § 1659.  D.I. 13.  The Court granted LG's motion on November 19, 2020.  D.I. 15.

As to Defendant Realtek, on October 14, 2020, DivX counsel requested the Clerk to issue Rule 4(f)(2)(C)(ii) service on Realtek.  D.I. 8.  On December 2, 2020, DivX moved for alternate service after previous efforts to serve Realtek were not fruitful. D.I. 16. On February 5, 2021, the Court Granted DivX's motion for alternate service. DI.I. 19.  Finally, on March 2, 2021 Realtek made an appearance and

answered the Complaint, and filed a motion for judgment on the pleadings under Section 101. D.I. Nos. 21, 22, 25, 26, 27.

## II.   LEGAL STANDARDS

Whether or not to stay litigation is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998). In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. N Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015); *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). "Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation." *Mission Abstract Data L.L.C. v. Beasley Broadcast Group, Inc.*, 2011 U.S. Dist. LEXIS 130934, 2011 WL 5523315, at *2 (D. Del. Nov. 14, 2011).

## III.   ARGUMENT

   **(a)   All Three Factors That Courts Consider in Deciding Whether To Stay Litigation Strongly Favor Granting a Stay in This Case**

The first *Landis* factor—whether a stay will simplify the issues and trial of the case—favors a stay. The ongoing ITC Investigation, set for trial in just four months, concerns the same DivX patents that are asserted in both proceedings against the same defendants in this action, LG and Realtek. Further, the accused products in this case are also currently at-issue in the ITC Investigation, including with respect to LG smart televisions incorporating Realtek products. *See, e.g.*, D.I. 1 at ¶ 77. Even where, as here, although a mandatory stay under 28 U.S.C. § 1659 applies to LG but does not apply to one of the Defendants (Realtek), "Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Zenith Elecs. LLC v. Sony Corp.*, Case No. C 11-02439 WHA, 2011 U.S. Dist. LEXIS 79976 at *6 (N.D. Cal. July 22, 2011) (citing H.R. Rep. No. 103-826(I), at 141). "Clearly, Congress thought that district courts would benefit from the guidance of the ITC and Federal Circuit," even if those decisions are persuasive (but not binding) authority on this Court. *See Google Inc. v. Creative Labs, Inc.*, Case No. 16-cv-02628-JST, 2016 U.S. Dist. LEXIS 163696 at *8 (N.D. Cal. Nov. 28, 2016).

In the ITC Investigation, the parties have already exchanged infringement, and invalidity contentions (including under Section 101) in the ITC Investigation based on the same patents as those in this action. The parties are currently scheduled

to exchange non-burden responses, including non-infringement and validity contentions, and responses to Realtek's Section 101 allegations (which overlap with its motion filed at D.I. 26) on March 12, 2021 in the ITC proceedings.[4]  Further, a *Markman* hearing already occurred in early February, and DivX expects the ALJ will issue a claim construction order imminently on the same patents asserted in this action, which will resolve several claim construction issues relevant to this instant action.

By not having to litigate and re-litigate substantially similar matters in both the ITC and this Court, the public and private resources of the parties and the Courts will not have to engage in duplicative discovery and other pretrial matters.  Further, having this case proceed against Realtek, only to have discovery start again with respect to the LG Defendants once the ITC Investigation is final, does nothing to simplify this issues and trial of this case.  See *Graphic Props. Holdings v. Toshiba Am. Info., Sys.*, Civil Action No. 12-213-LPS, 2016 LEXIS 27963, at *6-7 (D. Del. Mar. 5, 2014) ("*Graphic Props. Holdings*") (determining in the Court's discretion to stay the entire proceeding, even in regards to a patent related to, but not asserted in, the parallel ITC proceeding).

DivX also notes that LG's stay is contemporaneous with a stay granted in *DivX, LLC v. TCL Corporation* et al., C.A. No. 20-1203-CFC-JLH (D. Del. Sep. 9,

---

[4] *See* note 2, *supra*.

2020) (the "TCL Action") (D.I. 11) involving yet another ITC Respondent under stay in this District. To the extent this instant action and the TCL Action will be consolidated in the future, proceeding with this action while the TCL Action is stayed would similarly do nothing to simplify the issues in this case. *See, e.g.*, Ex. A, at ¶¶ 5.33 (alleging, e.g., that "Realtek also contributes to the…infringement by LG and TCL by offering to sell, selling, and importing in the United States Realtek video processing devices and components that constitute a material part of the articles that practice the Asserted Patents"). Having this case proceed against Realtek, only to have discovery start again with respect to LG (and potentially be consolidated with another stayed case involving TCL), would compound the burdens on public and private resources, without simplifying the issues in this case.

The second factor—whether discovery is complete and a trial date has been set—strongly favors a stay because this instant action is still in its infancy, with discovery yet to open (and in fact, is currently stayed with respect to the LG Defendants) and no trial date set. Granting a stay early in this case will advance judicial efficiency and "maximize the likelihood that neither the Court ... nor the parties expend their assets[.]" *Cf. 454 Life Scis. Corp. v. Jon Torrent Sys., Inc.*, Civil Action No. 15-595-LPS, 2016 WL 6594083, at *43 (D. Del. Nov. 7, 2016). When a party moves to stay a case after discovery is complete or nearly complete, and a trial is imminent, a Court may weigh this factor against a stay, because in such

circumstances, the Court and the parties have already expended significant effort on the litigation. *Id.* Here, by contrast, minimal effort and financial expense have been expended. For instance, Realtek made their first appearance mere days ago, discovery has yet to even begin, and trial is unlikely to take place until late 2022. Additionally, the case is already stayed in regards to the LG defendants since mid-November. D.I. 15. At this point, with no discovery having taken place in this case, and with the case already stayed as to the LG Defendants, this factor significantly weighs in favor of a stay.

The third factor—whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party—also weighs in favor of a stay. Granting a stay would not cause Realtek to suffer any undue prejudice from any delay, or allow DivX to gain any tactical advantage. For instance, the procedural schedule in the ITC Investigation consists of a close of fact discovery date of March 26, 2021, a trial date starting July 7, 2021, an Initial Determination that will be issued by December 3, 2021, and a final target date for completion of the Investigation of April 4, 2022. This motion seeks for a stay contemporaneous with the stay already granted with the LG Defendants, i.e., until the proceedings at the ITC are final. Therefore, the stay DivX is seeking is not an indefinite stay, such that the Court would need to "identify a pressing need for the stay" in order to show the lack of prejudice. *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

Though it is rare for a district court defendant to decline to seek a mandatory stay pursuant to § 1659, courts have routinely exercised their discretion to stay such proceedings. For instance in *Graphic Props. Holdings*, the court issued a stay pursuant to § 1659 for two of the asserted patents, and then exercised its discretion in staying proceeding for the third patent which was not involved in the ITC investigation. *Graphic Props. Holdings*, at *7. The Court in *Graphic Props. Holdings* did so because, just as here, staying the case simplified the issues, posed no threat of undue prejudice to the non-movant, caused no clear tactical advantage for the movant, discovery was incomplete, and no trial date had been set. *Id.*

In fact, the potential prejudice here would result from the case *not* entering a stay through the Court's discretion. As noted in the Complaint in the present action (*e.g.*, D.I. 1 at ¶ 77), as well as the ITC Complaint (Ex. A, at ¶¶ 3.42 - 3.43, 4.30, 5.30, 5.32 - 5.34), DivX's allegations against Realtek implicate, in part, Realtek's customers (such as LG and TCL). With certain claims of infringement so closely related to discovery not only from Realtek, but also from other parties in actions currently under stay, both DivX and Realtek would likely be prejudiced by proceeding without relevant discovery in the possession of Defendants who are currently stayed until the ITC proceedings are final. Therefore, this factor also significantly weighs in favor of a stay.

## IV. CONCLUSION

For at least the foregoing reasons, DivX respectfully requests the Court exercise its discretion in staying this action as to Realtek until the determination of the Commission in 337-TA-1222 becomes final, and enter an order substantially similar to the Order attached hereto.

Dated: March 9, 2021

OF COUNSEL:

Michael T. Renaud
Adam S. Rizk
Matthew A. Karambelas
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
www.mintz.com

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff DivX, LLC*

## **CERTIFICATION OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's March 2, 2020 form Scheduling Order for All Cases where Infringement is Alleged. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 2,537 words, excluding the case caption, signature block, table of contents and table of authorities.

Dated: March 9, 2021

      /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)