# Exhibit 1

| | |
|---|---|
| **From:** | Angelis, Theo |
| **To:** | Karambelas, Matthew; [Service]Samsung-DiVX ITC; 1222-LG-Finnegan; TCL-1222@brinksgilson.com; Realtek-337-1222; qe-mtk-divx-itc@quinnemanuel.com |
| **Cc:** | DivX-ITC |
| **Subject:** | RE: 337-TA-1222: Notice of Motion for Partial Termination as to Certain Claims as to LG and Realtek |
| **Date:** | Wednesday, February 24, 2021 1:46:08 PM |

Matt:

Thank you for your email.  Realtek does not oppose termination of all asserted claims from the '141 and '297 patents against Realtek, *i.e.* claims 1-6, 9-11, and 14-15 of the '297 patent and claims 1-3 and 5-11 of the '141 patent.  Please note that Realtek's non-opposition is without prejudice to requesting relief under Commission Rules 210.4 and 210.25.

Assuming this termination is allowed, and in light of the prior notice of mootness, can you please confirm that the only operative charts against Realtek are B2, B3, D2, and D3?

Best regards,
Theo



**Theodore J. ("Theo") Angelis**
K&L Gates LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 370-8101 (direct)
Fax: (206) 370-6006
theo.angelis@klgates.com
www.klgates.com

---

**From:** Karambelas, Matthew <MAKarambelas@mintz.com>
**Sent:** Tuesday, February 23, 2021 11:36 AM
**To:** [Service]Samsung-DiVX ITC <ServiceSamsung-DiVXITC@fr.com>; 1222-LG-Finnegan <1222-LG-Finnegan@finnegan.com>; TCL-1222@brinksgilson.com; Realtek-337-1222 <Realtek-337-1222@klgates.com>; qe-mtk-divx-itc@quinnemanuel.com
**Cc:** DivX-ITC <DivX-ITC@mintz.com>
**Subject:** 337-TA-1222: Notice of Motion for Partial Termination as to Certain Claims as to LG and

Realtek

**External Sender:**

Counsel for Respondents,

DivX intends on filing a motion to terminate the Investigation-in-part with respect to claim 14 of the '297 Patent as to LG, claims 1-6, 9-11, and 14-15 of the '297 Patent as to Realtek, and claims 1-3, and 5-11 of the '141 Patent as to Realtek.  Please let us know if you oppose.

Best regards,

Matt
**Matthew Karambelas**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.1831
MAKarambelas@mintz.com | Mintz.com



STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.

# Exhibit 2

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| | |
|---|---|
| **In the Matter of**<br><br>**CERTAIN VIDEO PROCESSING DEVICES,<br>COMPONENTS THEREOF, AND DIGITAL<br>SMART TELEVISIONS CONTAINING THE<br>SAME** | **Inv. No. 337-TA-1222** |

**ORDER NO. 11:**     **ADOPTING A PROCEDURAL SCHEDULE, EXHIBIT A,<br>WITH A DEADLINE FOR FILING MOTIONS TO COMPEL<br>OF NO LATER THAN FEBRUARY 5, 2021**

(November 10, 2020)

On November 6, 2020, the Parties to this Investigation submitted a "Joint Proposed Procedural Schedule" in which the Parties filled in certain dates in a proposed schedule that was attached as Attachment A to Order No. 4.  (Order No. 4 (Oct. 27, 2020).).  In their Joint Proposed Procedural Schedule, Exhibit A, the Parties agreed upon all of the discretionary dates that were left to them to decide upon except for one date: the deadline for the Parties to file Motions to Compel.  (Joint Proposed Procedural Schedule at 2, 3; Ex. A.).

Complainant proposed a deadline date for Motions to Compel of no later than February 12, 2021 while Respondents proposed a deadline date of no later than February 5, 2021.  (*Id.*; Ex. A at 3.).  Respondents explained that Complainant's proposed deadline poses a problem for many of Respondents who celebrate the Lunar New Year holiday.  (Joint Proposed Procedural Schedule at 3).  Depending upon the country, Lunar New Year falls between February 8, 2021 and February 17, 2021.  (*Id.*).  While Complainant's proposal otherwise might be reasonable, the problem for many of Respondents is obvious: Complainant's proposed deadline could interfere with many of the Respondents' celebration of the Lunar New Year (dates vary by country).

Accordingly, I am adopting Respondents' proposed date of no later than February 5, 2021 for the Parties to file Motions to Compel.  (*See* Ex. A hereto, Adopted Procedural Schedule.).

The other dates the Parties agreed upon appear to be reasonable and are adopted as part of the Adopted Procedural Schedule, Exhibit A hereto, that will apply unless there is a modification.

There may be another issue, depending upon one's interpretation of the Parties' Joint Proposed Procedural Schedule discussion.  That is the Parties' agreement, or seeming lack thereof, on a schedule for making witnesses available for depositions.

It is advisable that the Parties reach an agreement on a deposition schedule and the completion of depositions well before the deadline for Motions to Compel.  Later depositions are better left to exigency and leave.


**SO ORDERED.**

MaryJoan McNamara
Administrative Law Judge

Inv. No. 337-TA-1222, Order No. 11
Adopted Procedural Schedule & Dates

### EXHIBIT A TO ORDER NO. 11

### Inv. No. 337-TA-1222

### <u>ADOPTED PROCEDURAL SCHEDULE</u>

| Event | Date(s) |
|---|---|
| **Parties File their Proposed Procedural Schedule and Identify USPTO/PTO Proceedings as well as State and Federal Litigation that is relevant to this Investigation** | **<u>November 2, 2020</u>** |
| Deadline for Propounding First Set of Interrogatories (All Parties) | October 23, 2020 (Completed) |
| Deadline for Propounding First Request for Production of Documents (All Parties. Must be same date as for First Set of Interrogatories) | October 23, 2020 (Completed) |
| Deadline for Respondents' Objections and Responses to Complainant's First Set of Interrogatories and Request for Production of Documents (Must be the same date as Complainant's due date) | November 4, 2020 (unless extended)[1] |
| Deadline for Complainant's Objections and Responses to Respondents' First Joint Set of Interrogatories and Request for Production of Documents | November 4, 2020 (unless extended) |
| Complainant Files Notice of Patent Priority Dates/Dates of Conception | November 12, 2020 |
| Deadline for Propounding Initial Contention Interrogatories | November 23, 2020 |
| File Identification of Expert Witnesses, which should include a statement of their Expertise in the subject matter together with Curriculum Vitae | December 2, 2020 |
| **Discovery Management Teleconference** | **<u>December 3, 2020 at 2:00 pm</u>** |

---

[1] Complainant and the Samsung Respondents agreed that the deadline for Samsung's Objections and Responses to Complainant's First Set of Interrogatories and Requests for Production of Documents will be November 9, 2020.

| Event | Date(s) |
|---|---|
| Deadline for Disclosure of Domestic Industry Products | December 9, 2020 |
| Parties Exchange List of Patent Claim Terms for Construction | December 9, 2020 |
| **Deadline for completion of First Settlement Conference and Submission of First Joint Settlement Conference Report** | **By December 20, 2020** |
| Complainant and Respondents Provide Each Other with Their Proposed Construction of Disputed Claim Terms | December 23, 2020 |
| Parties Meet and Confer to Attempt to Limit Claim Terms and Claim Term Disputes | January 6, 2021 |
| Respondents File Notice of Prior Art | January 8, 2021 |
| Parties to Exchange Proposed *Markman* Exhibit Lists and Exhibits (Except for Expert Declarations and Demonstratives) (Per Ground Rule 1.14.3.1) | January 8, 2021 |
| **File Joint Claim Construction Chart** | **January 12, 2021** |
| File Tentative List of Witnesses a Party Will Call to Testify at the Evidentiary Hearing, with an Identification of Each Witness's Relationship to the Party | January 13, 2021 |
| Deadline for Initial Disclosure of Invalidity Contentions. Parties to seasonably supplement initial responses according to the rules. | January 15, 2021 |
| Deadline for Initial Disclosure of Infringement Contentions. Parties to seasonably supplement initial responses according to the rules. | January 15, 2021 |
| Deadline for Initial Disclosure of Domestic Industry Contentions. Parties to seasonably supplement initial responses according to the rules. | January 15, 2021 |
| **Parties File a Joint List Showing Each Party's Proposed Construction of Disputed Claim Terms, with Initial Claim Construction Briefs by All Parties Explaining Their Initial Claim Constructions and Expert Declarations (If Applicable)** | **January 19, 2021** |
| **Deadline to File *Markman* Hearing Proposals (Including Final Proposed *Markman* Exhibit Lists)** | **January 19, 2021** |

| Event | Date(s) |
|---|---|
| **Discovery Management Teleconference** | **<u>January 21, 2021 at 2:00 p.m.</u>** |
| Deadline for Preliminarily Responding to Contention Interrogatories on which a party bears the burden of proof (other than invalidity, infringement, and domestic industry).  Parties to seasonably supplement initial responses according to the rules. | January 22, 2021 |
| Technology Stipulation Deadline | February 4, 2021 |
| Deadline for Initial Responses to Contention Interrogatories for Which the Receiving Party Does Not Bear the Burden of Proof.  Parties to seasonably supplement initial responses according to the rules. | February 5, 2021 |
| *Markman* **Hearing (If Ordered)**<br><br>**(Parties Should Provide Thumb Drive of Tutorials if Included in** *Markman* **Hearing and the Pandemic Evacuation is Over; Otherwise as Described in Order)** | **<u>Week of February 8, 2021</u>** |
| Last Day to File Motions to Compel Discovery<br><br>(At Least Three (3) Weeks Before the Close of Discovery Without Leave and Explanation Why A Motion Was Not Filed Earlier) | February 5, 2021 |
| **File Joint Chart Setting Forth Parties' Post-Hearing Claim Constructions (Per Ground Rule 1.14)** | **<u>February 16, 2021</u>** |
| Fact Discovery Cutoff and Completion | March 5, 2021 |
| Exchange of Initial Expert Reports (Identify Tests/Surveys/Data) (Send copies to McNamara337@usitc.gov) | March 12, 2021 |
| Attendance at One-day Mediation Session' | March 19, 2021 |
| Exchange of Rebuttal Expert Reports (Send copies to McNamara337@usitc.gov) | March 26, 2021 |
| Expert Discovery Cutoff and Completion | April 9, 2021 |

| Event | Date(s) |
|---|---|
| Parties Exchange Hearing Exhibit Lists (Most likely, Tentative) | April 16, 2021 |
| **Complainant and Respondents File Pre-Hearing Statements and Briefs** | **April 22, 2021** |
| File Motions for Receipt of Evidence Without a Witness | April 26, 2021 |
| **Submission of Mediation Report** | **(Within 7 days of Mediation)** |
| **Last Day to File Summary Determination Motions[2]** | **April 29, 2021** |
| Parties file Joint Outline of Issues/Contentions from Pre-Hearing Briefs (Per Ground Rule 7.3) | April 29, 2021 |
| Submission of Declarations Justifying Confidentiality of Exhibits | May 4, 2021 |
| **Last day to file Motions *in Limine*** | **May 5, 2021** |
| **Last day to file High Priority Objections** | **May 5, 2021** |
| **File Responses to Motions *in Limine*** | **May 12, 2021** |
| **File Responses to High Priority Objections** | **May 12, 2021** |
| **File on EDIS any Stipulations Regarding Exchange of Demonstratives for Evidentiary Hearing and Any Other Stipulations Into Which the Parties Enter** | **June 15, 2021** |
| **Pre-Hearing Conference** | **July 7, 2021** |
| **Evidentiary Hearing (Starting with Tutorials, as Parties Propose)(June dates should be reserved)** | **9:30 a.m., July 7-9, 12-15, 2021** |
| **Last Day to Submit Final Exhibits, by Appointment. All Exhibits Should be Properly Labeled. (Follow the Ground Rules)** | **No more than four (4) business days after hearing** |

| Event | Date(s) |
|---|---|
| **Complainant and Respondents File Initial Post-Hearing Briefs (Only On Issues For Which The Party Bears The Burden Of Proof) and Final Exhibit Lists** | **July 30, 2021** |
| **Submit Final JOINT Direct and Rebuttal Exhibits (via Flash Drive)** | **July 30, 2021** |
| **Complainant and Respondents File Reply Post-Hearing Briefs (Only On Issues Discussed In The Initial Post-Hearing Brief of an Opposing Party)** | **August 6, 2021** |
| **Parties File Outline of Issues, Tracing Arguments/Contentions from Pre-Hearing Through Post-Hearing Reply Briefs (Include Contentions/Arguments That Have Been Dropped, Per Ground Rule 7.3)** | **August 10, 2021** |
| **Final ID due** | **December 3, 2021** |
| **Target Date** | **April 4, 2022** |

105041771v.1

**CERTAIN VIDEO PROCESSING DEVICES, COMPONENTS**       **Inv. No. 337-TA-1222**
**THEREOF, AND DIGITAL SMART TELEVISIONS**
**CONTAINING THE SAME**

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served upon the following parties as indicated, on **November 10, 2020.**

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

**On Behalf of Complainant DivX, LLC:**

| | |
|---|---|
| Adam Rizk, Esq. | ☐ Via Hand Delivery |
| **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC** | ☐ Via Express Delivery |
| One Financial Center | ☐ Via First Class Mail |
| Boston, MA 02111 | ☒ Other: Email Notification |
| Email: ARizk@mintz.com | of Availability for Download |

**On Behalf of Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Electronics HCMC CE Complex, Co., Ltd.:**

| | |
|---|---|
| Stephen Marshall, Esq. | ☐ Via Hand Delivery |
| **FISH & RICHARDSON P.C.** | ☐ Via Express Delivery |
| 1000 Maine Avenue, S.W., Suite 1000 | ☐ Via First Class Mail |
| Washington, DC 20024 | ☒ Other: Email Notification |
| Email: smarshall@fr.com | of Availability for Download |

**On Behalf of Respondents TCL Corporation, TCL Technology Group Corporation, TCL Electronics Holdings Limited, TTE Technology, Inc., Shenzhen TCL New Technologies Co. Ltd., TCL King Electrical Appliances (Huizhou) Co. Ltd., TCL MOKA International Limited, and TCL Smart Device (Vietnam) Co., Ltd.:**

| | |
|---|---|
| Lyle B. Vander Schaaf, Esq. | ☐ Via Hand Delivery |
| **BRINKS GILSON & LIONE** | ☐ Via Express Delivery |
| 1775 Pennsylvania Avenue, NW, Suite 900 | ☐ Via First Class Mail |
| Washington, DC 20006 | ☒ Other: Email Notification |
| Email: lvanderschaaf@brinksgilson.com | of Availability for Download |

**CERTAIN VIDEO PROCESSING DEVICES, COMPONENTS**          **Inv. No. 337-TA-1222**
**THEREOF, AND DIGITAL SMART TELEVISIONS**
**CONTAINING THE SAME**
Certificate of Service – Page 2

**On Behalf of Respondent Realtek Semiconductor Corp.:**

| | |
|---|---|
| Theodore J. Angelis, Esq. | ☐ Via Hand Delivery |
| **K&L GATES LLP** | ☐ Via Express Delivery |
| 925 Fourth Avenue, Suite 2900 | ☐ Via First Class Mail |
| Seattle, WA 98104 | ☒ Other: Email Notification |
| Email: theo.angelis@klgates.com | of Availability for Download |

**On Behalf of Respondents LG Electronics Inc. and LG Electronics U.S.A., Inc.:**

| | |
|---|---|
| Smith R. Brittingham IV, Esq. | ☐ Via Hand Delivery |
| **FINNEGAN, HENDERSON, FARABOW,** | ☐ Via Express Delivery |
| **GARRETT & DUNNER LLP** | ☐ Via First Class Mail |
| 901 New York Avenue, NW | ☒ Other: Email Notification |
| Washington, DC 20001 | of Availability for Download |
| Email: smith.brittingham@finnegan.com | |

**On Behalf of Respondents Respondents MediaTek Inc., MediaTek USA Inc., and MStar Semiconductor, Inc.:**

| | |
|---|---|
| S. Alex Lasher, Esq. | ☐ Via Hand Delivery |
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | ☐ Via Express Delivery |
| 1300 I Street, NW, Suite 900 | ☐ Via First Class Mail |
| Washington, DC 20005 | ☒ Other: Email Notification |
| Email: alexlasher@quinnemanuel.com | of Availability for Download |

# Exhibit 3

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

**In the Matter of**

**CERTAIN VIDEO PROCESSING DEVICES, COMPONENTS THEREOF, AND DIGITAL SMART TELEVISIONS CONTAINING THE SAME**

**Inv. No. 337-TA-1222**

**ORDER NO. 39:**  **REVISED PROCEDURAL SCHEDULE WITH CERTAIN OPEN DATES FOR THE PARTIES TO PROPOSE**

(March 8, 2021)

During the March 2, 2021 Telephone Management Conference ("Teleconference"), certain task deadlines in this Investigation's Procedural Schedule were modified orally after discussion. Other dates were left open to modification with the suggestion that the Parties provide input given discovery difficulties that have persisted.

In the Proposed Revised Procedural Schedule, below, for those tasks that have been left open, the Parties should consult and submit a joint proposal for the new, modified dates by no later than **March 12, 2021**. Other dates have not changed, such as the evidentiary hearing dates, post-hearing briefing, post-hearing exhibit filing, the Initial Determination on Violation ("ID") and the Target Date for this Investigation.

There are other dates in the Revised Procedural Schedule that were not contained in the original, Adopted Procedural Schedule. The Parties have been given dates in the Proposed Revised Procedural Schedule by which they must trim the number of either their patent claims and/or patents, and their prior art.

Similarly, the Parties were encouraged during the March 2, 2021 Teleconference to reach

stipulations on factual matters within their knowledge in order to avoid the need for additional

depositions and other discovery.  While the Proposed Revised Procedural Schedule includes

dates by which it is hoped the Parties can reach agreement, of course the Parties are encouraged

to keep talking about any stipulations, including about products that all Parties agree practice

certain asserted claims of the Asserted Patents.

One topic of hot contention concerns the newly modified products or features for which

discovery was provided only near the discovery deadline.  Modifications or updates, however

described, may have been outside the scope of control of the attorneys who represent the Parties.

Nonetheless, if Respondents would like their modified/updated products adjudicated, they must

provide Complainant will all evidence they have with respect to the modifications/updates before

close of business on **March 26, 2021**.  Any evidence upon which Complainant has not had an

opportunity for discovery or has been withheld, may not be considered.  If the Parties can reach

stipulations on the content of the modifications/changes, that might eliminate the need for some

discovery.

In that same vein, by **March 19, 2021**, the Parties should submit a list of Accused and

Un-Accused Products, with Model Numbers of the same to the extent Respondents know them.

The guideline for the number of patent claims that reasonably can be explored and fully

explained during a six (6) day or seven (7) day trial is no more than two (2) to three (3) claims

per patent.  Six (6) claims per patent is likely too many unless the claim terms contain the same

or similar language or fit within a construction convention whereby one claim term builds on

another.

Similarly, it is not possible for Respondents to explain with the level of analysis and

explanation necessary to sustain their burden of proof during a six (6) or seven (7) day trial more

than two (2) to (3) pieces of prior art per patent whether alone or in combination.

This, in sum, is an order to streamline the Parties' cases well before the Pre-Hearing Briefs are submitted. The deadlines given are so that neither expert, Party nor judicial resources are wasted on claims or pieces of prior art which cannot be explained well or thoroughly in the time given.

The Parties should submit dates that have been left open in the Revised Procedural Schedule, below, by close of business ("COB") on **March 12, 2021**.

If the Parties disagree about any of the open dates, the Parties should file a joint Notice on EDIS with each of their proposed dates with a brief explanation, and send a copy of the same to McNamara337@usitc.gov, by COB on **March 16, 2021**.

**SO ORDERED.**

MaryJoan McNamara
Administrative Law Judge

**REVISED PROCEDURAL SCHEDULE**

| TASK/EVENT | DEADLINE |
|---|---|
| Parties Respond to Late-Filed Contentions of March 1, 2021 | March 12, 2021 |
| Fact Discovery Cutoff (Unless Leave is granted for Exigent Circumstance) | March 26, 2021 |
| Parties file a Joint Stipulation of Products that are Accused and those that are Not Accused With Model Numbers if known | March 19, 2021 |
| Attendance at One-Day Mediation Session | March 19, 2021 |
| Submission of Mediation Report | Within seven (7) days of Mediation |
| Complainant to cut the number of Patent Claims ideally to no more than 3-4 for each Patent, or slightly more claims if fewer Patents (*see* guidance, above. These should be the final Patent Claims that are presented in the Pre-Hearing Brief) | **March 19, 2021** |
| Respondents to cut the number of pieces of Prior Art upon which they intend to rely at Trial (*See* Guidance, above. These pieces of Prior Art should be final, and the same pieces of Prior Art discussed in the Pre-Hearing Brief) | **March 26, 2021** |
| Exchange of Initial Expert Reports (Also, Identify Tests/Surveys/Data) (Send copies to McNamara337@usitc.gov) | |
| Expert Discovery Cutoff and Completion | |
| Parties Exchange Hearing Exhibit Lists | |
| **Complainants and Respondents File Pre-Hearing Statements and Briefs** | |

| | |
|---|---|
| File Motions for Receipt of Evidence Without a Witness | |
| **Last Day to File Summary Determination Motions** | **July 7, 2021** |
| Parties file Joint Outline of Issues/Contentions form Pre-Hearing Briefs (Pursuant to Ground Rule 7.3) | |
| Submission of Declarations Justifying Confidentiality of Exhibits | |
| **Last Day to File Motions *in Limine* ("MIL") and/or High Priority Objections ("HPO")** | **June 7, 2021** |
| **Last Day to File Responses to MILs and/or HPOs** | **June 17, 2021** |
| File on EDIS all Stipulations that the Parties have agreed upon with respect to Demonstrative for the Evidentiary Hearing and *all* Other Stipulations into which the Parties have entered, whether Orally or in Writing | **July 6, 2021** |
| **Pre-Hearing Conference (I will likely hold one or more telephone conferences to resolve MILS and/or HPOs before This Date** | **July 7, 2021** |
| **Evidentiary Hearing (Starting with Tutorials as Parties Choose)** | **July 7-9, 12-15, 2021 (9:30 a.m. with various breaks throughout days)** |
| Last Day to Submit Final Exhibits, by Appointment.  All Exhibits should be properly labeled, Tables of Contents should be provided, and Exhibits that have been Withdrawn should be clearly labeled) | **NO MORE THAN FOUR BUSINESS DAYS AFTER HEARING** |
| **Submit Initial Pre-Hearing Briefs (Only on the Issues for which the Party Bears the Burden of Proof)** | **July 30, 2021** |

| | |
|---|---|
| **Submit Final JOINT DIRECT AND REBUTTAL Exhibits (Extra Copy to be discussed)** | **July 30, 2021** |
| **Reply Post-Hearing Briefs (On Issues Discussed in the Initial Post-Hearing Brief of an Opposing Party** | **August 6, 2021** |
| Parties File Outline of Issues, Arguments, Contentions that Remain and Identify Those That Have Been Dropped, Ground Rule 7.3 | **August 10, 2021** |
| **Final ID DUE** | **December 3, 2021** |
| **Target Date** | **April 4, 2022** |

**CERTAIN VIDEO PROCESSING DEVICES, COMPONENTS**     **Inv. No. 337-TA-1222**
**THEREOF, AND DIGITAL SMART TELEVISIONS**
**CONTAINING THE SAME**

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served upon the following parties as indicated, on **March 8, 2021.**

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

**On Behalf of Complainant DivX, LLC:**

| | |
|---|---|
| Adam Rizk, Esq.<br>**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC**<br>One Financial Center<br>Boston, MA 02111<br>Email: ARizk@mintz.com | ☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☐ Via First Class Mail<br>☒ Other: Email Notification<br>of Availability for Download |

**On Behalf of Respondents Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Electronics HCMC CE Complex, Co., Ltd.:**

| | |
|---|---|
| Thad C. Kodish, Esq.<br>**FISH & RICHARDSON P.C.**<br>1180 Peachtree Street NE, 21st Floor<br>Atlanta, GA 30309<br>Email: tkodish@fr.com | ☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☐ Via First Class Mail<br>☒ Other: Email Notification<br>of Availability for Download |

**On Behalf of Respondents TCL Corporation, TCL Technology Group Corporation, TCL Electronics Holdings Limited, TTE Technology, Inc., Shenzhen TCL New Technologies Co. Ltd., TCL King Electrical Appliances (Huizhou) Co. Ltd., TCL MOKA International Limited, and TCL Smart Device (Vietnam) Co., Ltd.:**

| | |
|---|---|
| Lyle B. Vander Schaaf, Esq.<br>**BRINKS GILSON & LIONE**<br>1775 Pennsylvania Avenue, NW, Suite 900<br>Washington, DC 20006<br>Email: lvanderschaaf@brinksgilson.com | ☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☐ Via First Class Mail<br>☒ Other: Email Notification<br>of Availability for Download |

**CERTAIN VIDEO PROCESSING DEVICES, COMPONENTS**      **Inv. No. 337-TA-1222**
**THEREOF, AND DIGITAL SMART TELEVISIONS**
**CONTAINING THE SAME**
Certificate of Service – Page 2

**On Behalf of Respondent Realtek Semiconductor Corp.:**

Theodore J. Angelis, Esq.
**K&L GATES LLP**
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Email: theo.angelis@klgates.com

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Email Notification
of Availability for Download

**On Behalf of Respondents LG Electronics Inc. and LG
Electronics U.S.A., Inc.:**

Smith R. Brittingham IV, Esq.
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP**
901 New York Avenue, NW
Washington, DC 20001
Email: smith.brittingham@finnegan.com

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Email Notification
of Availability for Download

**On Behalf of Respondents Respondents MediaTek Inc.,
MediaTek USA Inc., and MStar Semiconductor, Inc.:**

S. Alex Lasher, Esq.
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW, Suite 900
Washington, DC 20005
Email: alexlasher@quinnemanuel.com

☐ Via Hand Delivery
☐ Via Express Delivery
☐ Via First Class Mail
☒ Other: Email Notification
of Availability for Download

# Exhibit 4

| | |
|---|---|
| **From:** | Karambelas, Matthew |
| **To:** | [Service]Samsung-DiVX ITC; 1222-LG-Finnegan@finnegan.com; TCL-1222@brinksgilson.com; Realtek-337-1222 DivX-ITC |
| **Cc:** | |
| **Subject:** | 337-TA-1222: Notice of Motion for Partial Termination Pursuant to Order No. 39 |
| **Date:** | Friday, March 19, 2021 9:20:25 PM |

**External Sender:**

Counsel for Respondents,

With the understanding that Respondents will narrow their invalidity case to no more than 2-3 pieces of prior art alone or in combination per patent by March 26th pursuant to Order No 39, DivX provides notice of its motion for partial termination of the Investigation with respect to certain asserted claims (claims 3, 5, 6, 9, 11, and 15 of the '297 Patent against all Respondents, claims 3, 5, 8, 9, and 10 of the '141 Patent against all Respondents, claims 3, 7, 9, and 13-14 of the '486 Patent against all Respondents, and claims 1-9 of the '749 Patent against all Respondents).

Please let us know if you oppose.

Best regards,

Matt
**Matthew Karambelas**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.1831
MAKarambelas@mintz.com | Mintz.com



STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the email to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn, Ferris, Glovsky and Popeo sender immediately, and destroy all copies of this message and any attachments.

# Exhibit 5

| | |
|---|---|
| **From:** | Angelis, Theo |
| **To:** | Karambelas, Matthew: Realtek-337-1222 |
| **Cc:** | DivX-ITC |
| **Subject:** | RE: 337-TA-1222: Request for Use of Confidential Information |
| **Date:** | Wednesday, March 17, 2021 2:50:10 PM |

Matt:

Thank you for your email.  We confirm that DivX may use, in the District Court action, the Realtek-authored documents that Realtek produced in the ITC, so long as all documents marked CBI are designated as OUTSIDE ATTORNEYS ONLY and DivX seeks to file them under seal.  Please also confirm that Realtek may use the documents produced by DivX subject to the same restrictions.

Best regards,
Theo



**Theodore J. ("Theo") Angelis**
K&L Gates LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104
Phone: (206) 370-8101 (direct)
Fax: (206) 370-6006
theo.angelis@klgates.com
www.klgates.com

---

**From:** Karambelas, Matthew <MAKarambelas@mintz.com>
**Sent:** Tuesday, March 16, 2021 6:39 AM
**To:** Realtek-337-1222 <Realtek-337-1222@klgates.com>
**Cc:** DivX-ITC <DivX-ITC@mintz.com>
**Subject:** 337-TA-1222: Request for Use of Confidential Information

**External Sender:**

Counsel for Realtek,

Please confirm that DivX may use CBI produced by Realtek in connection with the proceedings of the district court action *DivX, LLC v. LG Elecs. Inc., LG Elecs. U.S.A., Inc., and Realtek Semiconductor Corp.*, Case No. 20-cv-1202 (D. Del.).

Best regards,

Matt
**Matthew Karambelas**
*Associate*

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center, Boston, MA 02111
+1.617.348.1831
MAKarambelas@mintz.com | Mintz.com



STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments
to this message are intended for the exclusive use of the addressee(s)
and may contain confidential or privileged information. If you are not
the intended recipient, or the person responsible for delivering the
email to the intended recipient, be advised you have received this
message in error and that any use, dissemination, forwarding, printing,
or copying is strictly prohibited. Please notify the Mintz, Levin, Cohn,
Ferris, Glovsky and Popeo sender immediately, and destroy all copies
of this message and any attachments.