IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVX, LLC,<br><br>       Plaintiff,<br><br>       v.<br><br>LG ELECTRONICS INC.; LG ELECTRONICS U.S.A., INC., and REALTEK SEMICONDUCTOR CORP.,<br><br>       Defendants. | C.A. No.: 20-cv-1202-CFC-JLH<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF DIVX, LLC'S MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff DivX, LLC. ("Plaintiff" or "DivX") respectfully moves this Court pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss this action against Defendant Realtek Semiconductor Corp. ("Realtek") without prejudice. Pursuant to D. Del. Local Rule 7.1.1, counsel for DivX and counsel for Realtek met and conferred regarding DivX's intent to file this Motion, and filed a status report regarding such on September 25, 2023. *See* D.I. 61. Realtek indicated that it opposes the Motion.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 9, 2020, DivX initiated this action against LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG"), and Realtek. D.I. 1 (Complaint). The complaint in this case originally alleged that LG and Realtek both infringed DivX's U.S. Patent Nos. 8,832,297 ("the '297 Patent"), 10,212,486 ("the '486 Patent"), 10,412,141 ("the '141 Patent"), and 10,484,749 ("the '749 Patent").[1] On the same day, DivX filed similar complaints against Samsung

---

[1] The amended complaint removed allegations of infringement directed at Realtek for the '297 and '141 patents. *See* D.I. 32.

Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Electronics HCMC CE Complex, Co., Ltd. (collectively, "Samsung"), TCL Corporation, TCL Technology Group Corporation, TCL Electronics Holdings Limited, TTE Technology, Inc., Shenzhen TCL New Technologies Co. Ltd., TCL King Electrical Appliances (Huizhou) Co. Ltd., TCL MOKA International Limited, and TCL Smart Device (Vietnam) Co., Ltd (collectively, "TCL"), and MediaTek Inc., MediaTek USA Inc., and MStar Semiconductor, Inc. (collectively, "MediaTek"), alleging various forms of infringement of the same patents. *See DivX, LLC v. Samsung Electronics Co., Ltd., et al*, D.I. 1, 20-cv-301 (E.D.Tex.); *DivX, LLC v. MediaTek Inc., et al*, D.I. 1, 20-cv-1203 (D.Del.).

The next day, September 10, 2020, DivX filed a complaint against Realtek, LG, Samsung, TCL, and MediaTek in the International Trade Commission ("ITC") under Section 337 of the Tariff Act of 1930 as amended, styled *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same ("Video Processing Devices")*. 85 Fed. Reg. 578832-83 (September 16, 2020). The four asserted patents at the ITC were the same as the original four patents asserted here. *Id*. On October 14, 2020, the ITC instituted Investigation No. 337-TA-1222 ("the ITC Investigation"), based on that complaint. 85 Fed. Reg. 66355 (October 19, 2020).

Each of LG, Samsung, TCL, and MediaTek sought an automatic stay of their respective district court actions pursuant to 28 U.S.C. § 1659. D.I. 13 (LG motion to stay); *DivX, LLC v. Samsung Electronics Co., Ltd., et al*, D.I. 13, 20-cv-301 (Samsung motion to stay); *DivX, LLC v. MediaTek Inc., et al*, D.I. 10, 20-cv-1203 (TCL and MediaTek motion to stay). The actions were thereafter stayed with respect to LG, Samsung, TCL, and MediaTek. D.I. 15 (granting LG motion to stay); *DivX, LLC v. Samsung Electronics Co., Ltd., et al*, D.I. XX, 20-cv-301 (granting Samsung

motion to stay); *DivX, LLC v. MediaTek Inc., et al*, D.I. XX, 20-cv-1203 (granting TCL and MediaTek motion to stay).

Unlike the other defendants/respondents who sought a stay pursuant to 28 U.S.C. § 1659, Realtek chose not to. Instead, after DivX was forced to move for alternate service on Realtek (which the Court granted (D.I. 19)), Realtek answered the complaint and filed a motion for judgment on the pleadings. D.I. 25 (answer); D.I. 26 (motion). Thereafter, DivX amended the complaint, removing allegations of infringement against Realtek with respect to the '297 and '141 patents. D.I. 32. Realtek then amended its answer and refiled its 12(c) motion with respect to the '749 and '486 patents. D.I. 42 (answer); D.I. 43 (motion). Neither of Realtek's answers to the complaint included counterclaims. *See* D.I. 25, D.I. 42.

In the interest of judicial economy and to save private party resources, on March 9, 2021, DivX moved to stay this case in view of the ITC Investigation. D.I. 30. Realtek opposed, and the Court subsequently stayed the case. D.I. 56 (order staying case).

While the district court actions remained stayed, the ITC Investigation proceeded apace. DivX settled with MediaTek, LG, and Samsung and terminated them from the investigation. *Video Processing Devices*, 337-TA-1222, Doc. ID 734824 (MediaTek) and Doc. ID 749487 (LG and Samsung), Order No. 37 (MediaTek) and Order No. 69 (LG and Samsung). DivX also terminated Realtek from the ITC Investigation prior to the hearing, leaving TCL, Realtek's customer, as the sole respondent. *Id.*, Doc. ID 747084, Order No. 67. Prior to its termination from the ITC Investigation, Realtek and the other respondents moved for summary determination (ITC version of summary judgment) of no infringement on the '486 patent, which the ALJ denied. *Id.*, Doc. ID 745976, Case Management Conference at 28:20-25. The ITC held a hearing on DivX's allegations against TCL, Realtek's customer, on July 7-9, 12-15, 2021. *Id.*, Doc. ID 723375, Order No. 4.

After the ITC hearing and before the administrative law judge ("ALJ") issued a decision, DivX and TCL resolved their differences and jointly moved to terminate the ITC Investigation, which the ALJ granted on April 22, 2022. *Id.*, Doc. ID 768953, Order No. 76.

On October 4, 2023, nearly three months after termination, Realtek filed a motion for sanctions against DivX. *Video Processing Devices*, 337-TA-1222, Doc. ID 753351. DivX opposed, and the ALJ denied the motion. *Id.*, Doc. ID 768922, Order No. 75. Realtek petitioned the Commission for review, after which DivX moved for sanctions of its own against Realtek due to Realtek's discovery behavior and malicious use of sanctions motions against DivX. *Id.*, Doc. ID 772089 (Realtek petition); Doc. ID 773338 (DivX motion). The ITC denied Realtek's petition for review and DivX's motion, and Realtek subsequently appealed to the Federal Circuit. *Id.*, Doc. Id. 778630, Comm'n Op. Realtek's appeal remains pending. *Realtek Semiconductor Corp. v. U.S. International Trade Comm'n*, Case No. 2023-1095, Fed. Cir. (Oct. 31, 2022).

On October 12, 2022, DivX and Realtek filed a status report with the Court regarding the state of the ITC Investigation. D.I. 58. Later, on September 18, 2023, the Court held a status hearing and subsequently reopened the case. D.I. 60.

No discovery has been taken in this action, no scheduling order has issued, and no substantive motions have been decided. *See* D.I. 55 (order granting stay) ("This case is in its infancy and the Court has not yet entered a scheduling order.").

## II.   LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 41(a)(2):

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

4

A plaintiff's motion for voluntary dismissal should be granted "unless the dismissal will result in substantial prejudice to the defendant." *Sanitec Indus. v. Sanitec Worldwide, Ltd.*, 2006 U.S. Dist. LEXIS 16438, at *4 (D. Del. Apr. 3, 2006). The Third Circuit has recognized that it has a "liberal policy" for allowing voluntary dismissals. *In re Paoli R. Yard PCB Litigation*, 916 F.2d 829, 863 (3rd Cir. 1990) ("A similar liberal policy has been adopted in the voluntary dismissal context.").

Pursuant to Rule 41(a)(2), such dismissals are without prejudice. Fed. R. Civ. P. 41(a)(2). "In determining whether legal prejudice will result from dismissal of a claim, 'a court should consider 1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has progressed; and 4) the claimant's diligence in moving to dismiss.'" *Novartis Pharms. Corp. v. Crystal Pharm. (Suzhou) Co.*, 2022 U.S. Dist. LEXIS 205908, at *3-*4 (D. Del. Nov. 14, 2022) (quoting *Reach & Assocs., P.C.*, 2004 U.S. Dist. LEXIS 1918, at *3-*4).

"The mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice." *Reach & Assocs., P.C. v. Dencer*, 2004 U.S. Dist. LEXIS 1918, at *3 (D. Del. Feb. 9, 2004); *see also Paoli R. Yard PCB Litigation*, 916 F.2d at 863 ("Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." (quotation omitted)).

### III.   ARGUMENT

Dismissal without prejudice is warranted because there is no prejudice to Realtek. No discovery in this case has been taken; discovery has not even started and no scheduling order has issued. While Realtek has answered and moved for judgment under Federal Rule 12(c), Realtek's motion has not been argued or decided. Indeed, nothing substantive has occurred in this case. The parties are likely years away from a trial, as no discovery, claim construction, expert discovery, or

summary judgment has occurred.

Each of the four factors point towards a dismissal without prejudice. There are minimal excessive or duplicative expenses incurred in this case if DivX were to refile these allegations at a later date—the only events to occur here are Realtek's answer and Rule 12(c) motion. *See Novartis*, 2022 U.S. Dist. LEXIS 205908, at *3-*4 (factor 1). No trial preparations have occurred in this case, as discovery has not started. *See id.* (factor 2). Because discovery has not even started, this case is in its early stages. *See id.* (factor 3). Indeed, as the Court noted in granting the stay, "this case is in its infancy." D.I. 55. DivX moved to dismiss shortly after the stay from the ITC was lifted. *See id.* (factor 4). As noted above, the mere prospect that Realtek might be sued later on the same patents is not sufficient prejudice to overcome a voluntary dismissal without prejudice. *Paoli R. Yard PCB Litigation*, 916 F.2d at 863; *Reach*, 2004 U.S. Dist. LEXIS 1918, at *3. Combined, the circumstances warrant a dismissal without prejudice.

In the recent joint status report, Realtek relies on an inapposite case from another district in seeking a dismissal with prejudice. *See* D.I. 61 (Joint Status Report), citing *Pathway Innovations and Technologies, Inc. v. IPEVO Inc.*, 17-cv-00312-CAB-BLM (S.D. Cal.). In *Pathway Innovations*, Pathway sued three entities in both the district court and the ITC. *Certain Document Cameras and Software for Use Therewith ("Document Cameras")*, 337-TA-1045, Doc. ID 603859 (Feb. 15, 2017); *Pathway Innovations and Technologies, Inc. v. IPEVO, Inc. et al*, 3-17-cv-00312 (S.D.Cal. Feb. 16, 2017); *Pathway Innovations and Technologies, Inc. v. AVer Information Inc. et al*, 3-17-cv-00315 (S.D.Cal. Feb. 16, 2017); *Pathway Innovations and Technologies, Inc. v. Lumens Integration, Inc. et al*, 17-cv-00316 (S.D.Cal. Feb. 16, 2017). As described in Pathway's ITC complaint, each respondent sold their own complete accused articles. *Document Cameras*, 337-TA-1045, Doc. ID 603859, at ¶¶ 4-6.

6

During the ITC investigation, Pathway settled with one respondent. *Document Cameras*, 337-TA-1045, Doc. ID 628130, Order 18 (Nov. 6, 2017). Then, shortly before a December 13, 2017, hearing, on November 24, 2017, Pathway moved to withdraw the complaint in its entirety. *See id.*, Doc. ID 629755, Order 20 (Nov. 24, 2017) (terminating investigation based on withdrawal of complaint). The request was granted, the investigation terminated, and no hearing occurred. *Id.*

Several key facts in *Pathway Innovations* are inconsistent with the facts here. First, to the extent the complainant in *Pathway Innovations* unilaterally withdrew the complaint shortly before trial to avoid a day of reckoning on the asserted patents, no such complaint can be made against DivX—DivX did conduct a hearing against Realtek customer TCL, and the parties settled thereafter. *Video Processing Devices*, 337-TA-1222, Doc. ID 768953, Order No. 76. Indeed, any claims of prejudice on this front are hollow: the discovery obtained in the ITC relevant to TCL resulted in a hearing that precipitated a settlement between DivX and TCL, *exhausting Realtek's infringement liability for chips Realtek sells to TCL*.

Second, the respondents in *Pathway Innovations* were unlike Realtek and the other defendants/respondents here. In *Pathway Innovations*, each respondent stood individually and supplied its own infringing products. Not so here, where Realtek supplies chips to numerous consumer electronics providers and TCL was just one of those customers. Here, the discovery related to TCL is no longer the critical discovery in this dispute because DivX and TCL settled their differences. *Video Processing Devices*, 337-TA-1222, Order No. 76 (terminating with respect to TCL). DivX also settled its differences with Samsung and LG, such that any liability Realtek had with respect to products sold to those entities, if any, is now absolved. *Id.*, Order No. 69 (terminating with respect to LG and Samsung). Discovery in this action would proceed anew with respect to Realtek and other customers who operate and/or sell infringing devices that incorporate

Realtek chips in the United States—the identity of whom DivX is currently unaware.

This again stands in stark contrast to *Pathway Innovations* where, ostensibly, the patent holder withdrew the complaint because it feared an adverse result—not so here. In other words, discovery in this case must start from scratch, demonstrating that this case is in the early stages and nowhere close to trial. *Reach*, 2004 U.S. Dist. LEXIS 1918, at *5 ("More importantly, the instant action is not on the eve of trial. Therefore, the Court views the instant action as distinct from a case where a defendant would suffer undue prejudice after 'having been ready for trial in [one] federal court and then [being] told that the proceedings would be started once again.'" (quoting *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974))).

To the extent Realtek believes it was entitled to some relief because of the ITC Investigation, the place to request such relief was the ITC not the district court. Indeed, *the ALJ and ITC both rejected Realtek's complaints of mistreatment*. *Video Processing Devices*, 337-TA-1222, Doc. ID 778630 and 778634.

The only case relevant to the Court's analysis of prejudice to Realtek in light of DivX's Motion under Rule 41(a)(2) is the instant action: the instant action has barely started which warrants dismissal without prejudice.

### IV.    CONCLUSION

For at least the foregoing reasons, DivX respectfully requests that this action be dismissed without prejudice.

| | |
|---|---|
| Dated: October 30, 2023 | Respectfully submitted,<br><br>FARNAN LLP<br><br>*/s/ Michael J. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 N. Market St., 12th Floor<br>Wilmington, DE 19801<br>Phone:   (302) 777-0300<br>Fax:       (302) 777-0301<br>BFarnan@farnanlaw.com<br>MFarnan@farnanlaw.com<br><br>*Attorneys for Plaintiff DivX, LLC* |