IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVX, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC.; LG ELECTRONICS U.S.A., INC., and REALTEK SEMICONDUCTOR CORP.,<br><br>  Defendants. | C.A. No. 20-cv-1202-CFC-JLH<br><br>**PUBLIC VERSION FILED DECEMBER 8, 2023** |

**DEFENDANT REALTEK SEMICONDUCTOR CORP.'S OPPOSITION TO
PLAINTIFF DIVX, LLC'S MOTION TO DISMISS WITHOUT PREJUDICE**

|  |  |
|---|---|
| | **K&L GATES LLP**<br>Steven L. Caponi (No. 3484)<br>Matthew B. Goeller (No. 6283)<br>600 N. King Street, Suite 901<br>Wilmington, DE 19801<br>(302) 416-7080<br>steven.caponi@klgates.com<br>matthew.goeller@klgates.com |
| *Of Counsel:* | |
| **K&L GATES LLP**<br>Theodore J. Angelis<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>(206) 623-7580<br>theo.angelis@klgates.com | *Attorneys for Defendant Quest Software Inc.* |

November 27, 2023

# **TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................................1

II. NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS ........4

III. ARGUMENT .................................................................................................................8

    A. Legal Standard ...................................................................................................8

    B. The First Factor Weighs In Favor of Dismissal with Prejudice Because a Second Litigation Would Entail Excessive and Duplicative Expenses ............11

    C. The Second Factor Weighs in Favor of Dismissal with Prejudice Because Realtek Expended Millions of Dollars in Preparing for Trial............................12

    D. The Third Factor Weighs in Favor of Dismissal with Prejudice Because the Pending Litigation Progressed Through Trial.....................................................14

    E. The Fourth Factor Weighs in Favor of Dismissal with Prejudice Because DivX Was Not Diligent in Moving to Dismiss...................................................14

    F. The Pending Sanctions Appeal Does Not Provide Any Basis for Dismissal Without Prejudice ..............................................................................................16

IV. CONCLUSION AND RELIEF REQUESTED ............................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chodorow v. Roswick*,
    160 F.R.D. 522 (E.D. Pa. 1995) and Fed. R. Civ............................................................9, 10, 11

*DivX, LLC v. TCL Corp.*,
    C.A. No. 1:20-cv-01203 (D. Del. filed Sept. 9, 2020)......................................................1, 7, 15

*Emmanouil v. Mita Mgmt, LLC*,
    No. 11-5575 (MAS)(TJB), 2015 WL 5023049 (D.N.J. Aug. 24, 2015)..................................10

*Giganti v. Gen-X Strategies, Inc.*,
    222 F.R.D. 299 (E.D. Va. 2004) ................................................................................................4

*Hoffman-La Roche Inc. v. Genpharm, Inc.*,
    50 F. Supp. 2d 367 (D.N.J. 1999) ............................................................................................10

*Mirtech, Inc. v. AgroFresh, Inc.*,
    C.A. No. 20-1170-RGA, 2023 WL 4457006 (D. Del. July 11, 2023).........................2, 8, 9, 15

*Pathway Innovations and Technologies, Inc. v. IPEVO Inc.*,
    Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal.) .........................................................3, 10, 11

*Reach & Assoc., P.C. v. Dencer*,
    C.A. No. 02-1355-JJF, 2004 U.S. Dist. LEXIS 1918 (D. Del. Feb. 9, 2004)............................8

*Wi-Lan Inc. v. Sharp Elecs. Corp.*,
    C.A. No. 15-379-LPS, 2018 WL 914779 (D. Del. Feb. 15, 2018) ............................................9

*Wrinkl, Inc. v. Meta Platforms*,
    C.A. No. 20-1345-RGA, 2023 WL 6929359 (D. Del. Oct. 19, 2023).................................4, 9

**Statutes**

28 U.S.C. § 1659..............................................................................................................................7

35 U.S.C. §101.................................................................................................................................5

**Other Authorities**

Fed. R. Evid. 408(b).........................................................................................................................4

I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant Realtek Semiconductor Corp. ("Realtek") respectfully opposes DivX, LLC's request to dismiss this action without prejudice. DivX brought claims against Realtek for an improper purpose—to obtain discovery it otherwise could not obtain against a Taiwanese company—and without adequate factual and legal basis. It obtained a stay in this Court over Realtek's objection (and after a Rule 11 motion had been served), on the promise that the ITC action would significantly simplify this case. DivX thus forced Realtek to spend millions of dollars defending meritless claims it did not intend to pursue against Realtek. DivX's gamesmanship was confirmed in February 2021, when it offered to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and when Realtek refused, DivX continued to demand extensive discovery from Realtek to use against television makers whose smart TVs include Realtek chips. Ultimately, in July 2021 (after discovery was complete, and on the eve of trial), DivX unsurprisingly dropped all claims against Realtek. DivX also settled with LG at roughly the same time.

DivX did not, however, promptly seek to drop the claims against Realtek pending before this Court. Instead, DivX proceeded through trial in the ITC (against TCL, some of whose smart TVs use Realtek chips) and, while those claims against TCL were pending, did not dismiss the claims in this case. DivX's actions were especially problematic because it dismissed with prejudice all claims against LG on July 29, 2021, *see* D.I. 57, and it was the use of Realtek's chips in LG's products which was the articulated basis for DivX's claims in this case, *see* D.I. 39 ¶ 20.[1]

---

[1] Paragraph 20 of the amended complaint accuses Realtek chips used by "others," "including but not limited to LG," suggesting that its claims—although focused on LG products—are broad enough to encompass the use of Realtek's chips in other televisions. D.I. 39 at 20. The claims against Realtek in this litigation appear not compass claims related to the use of Realtek's chips in TCL products because DivX accused TCL products in a different lawsuit, and DivX's complaint in that lawsuit does not mention Realtek. *See* Complaint for Patent Infringement, *DivX, LLC v. TCL Corp.*, C.A. No. 1:20-cv-01203, D.I. 1 (D. Del. filed Sept. 9, 2020). Raising claims against

DivX nonetheless waited until after it learned how the litigation against TCL would conclude before taking any action in this case. In total, DivX waited about 14 months after it dismissed its claims against Realtek in the ITC, and against LG in the ITC and in this case, before it offered to dismiss its claims against Realtek in this case *without* prejudice.

Realtek refused DivX's offer of dismissal without prejudice, given the millions of dollars it had spent litigating this dispute. *DivX* then made clear, through its actions, that this case had progressed significantly, and DivX intended to rely on the extensive work the parties had performed. In particular, DivX indicated that it viewed all of the discovery and pre-trial work conducted before the ITC to be part of this case, and it sought confirmation that Realtek likewise agreed that all discovery, transcripts, expert reports, testimony, and rulings before the ITC would be fully usable in this case.

DivX then waited *another* year to file this motion, and it did so only after the Court prodded DivX into action. Thus, DivX did not actually seek dismissal of this case until more than two years had passed from its decision to drop all claims against Realtek in the ITC.

When considering whether to dismiss a case with, or without, prejudice, this Court has considered four factors:

> 1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has progressed; and 4) the claimant's diligence in moving to dismiss."

*Mirtech, Inc. v. AgroFresh, Inc.*, C.A. No. 20-1170-RGA, 2023 WL 4457006, at *2 (D. Del. July 11, 2023). Each of these factors weighs in favor of dismissal with prejudice here.

---

TCL in one action, and raising claims against Realtek in another action, all based on the use of Realtek chips in TCL products, would appear to be impermissible claim splitting.

<u>First</u>, if DivX files a subsequent action against Realtek, the Court and Realtek will be forced to incur excessive and duplicative expenses. Realtek incurred millions of dollar and fees in costs building an extensive record in the ITC. Now, however, DivX is pursuing dismissal without prejudice so that it can later sue Realtek, and also companies that use its chips, after the existing record becomes stale, and after memories have faded, documents are lost, and witnesses disappear. Rebuilding such an extensive record will result in millions of additional dollars in costs and fees.

<u>Second</u>, both this Court and DivX have indicated that the ITC record is to be used to substantially simplify this proceeding, so the expenses incurred in building that record are properly considered. Indeed, in a case nearly identical to this one, *Pathway Innovations and Technologies, Inc. v. IPEVO Inc.*, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal.), the Court refused to allow dismissal without prejudice because of the amount of work that had been done before the ITC.

<u>Third</u>, and for the same reasons the Second Factor is satisfied, this case has progressed extensively, as Judge Bencivengo found in the analogous *Pathway* litigation. It should therefore be dismissed with prejudice.

<u>Fourth</u>, DivX waited more than two years from its dismissal of claims against Realtek (and against LG in this action) before the ITC to the dismissal it now seeks before this Court. It has consistently engaged in a "wait and see" attitude that this Court has found to be the epitome of dilatory conduct.

Even if the four factors above were mixed—and they are not—DivX itself has recognized that dismissal with prejudice is warranted. DivX recently offered dismissal with prejudice (in October 2023) so long as certain conditions were met, including preservation of DivX's ability to sue Realtek's customers in the future. Angelis Decl. ¶ 15 & Ex. E. Realtek declined, *see id.* Ex. F, and this Court has likewise rejected such conditional dismissals with prejudice, and it has held

that the impact, if any, no the viability of future actions against parties other than Defendant are not a proper basis for denying dismissal with prejudice. *Wrinkl, Inc. v. Meta Platforms*, C.A. No. 20-1345-RGA, 2023 WL 6929359, at *2 (D. Del. Oct. 19, 2023). Realtek therefore respectfully asks the Court to dismiss all claims against it with prejudice.

## II.     NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS

DivX filed this action on September 9, 2020. D.I. 1. After DivX filed the case, Realtek quickly ascertained that DivX's claims were baseless and that DivX had brought the claims for an improper purpose. D.I. 34 at 1 ¶ 1. On November 17, 2020, Realtek sent a detailed, six-page letter to counsel for DivX outlining many of the reasons DivX's allegations against Realtek are baseless and frivolous. DivX's counsel responded on November 24, 2020. *Id.* ¶ 2; *see also* Angelis Decl.[2] Ex A (internal exhibits 2-3).

In February 2021, just prior to the *Markman* hearing in the ITC action, DivX had offered ███████████████████████████████████████████████████████████████████████████████████████.[3] Angelis Decl. Ex. A ¶ 14. In particular, DivX contacted Realtek and said █████████████████████████████████

---

[2] "Angelis Decl." refers to the Declaration of Theodore J. Angelis in Opposition to DivX's Motion to Dismiss Without Prejudice.

[3] Realtek is reluctant to reveal settlement discussions, but when such discussions relate to sanctionable misconduct, and a court's determination of whether relief is required, they are admissible. *See* Fed. R. Evid. 408(b); *see also, e.g.*, *Giganti v. Gen-X Strategies, Inc.*, 222 F.R.D. 299, 313 (E.D. Va. 2004) ("While the Rule itself does not expressly indicate that a motion for sanctions qualifies as 'another purpose' such that the rule of exclusion does not apply here, courts in this and other circuits have considered settlement documents when reviewing a motion for sanctions.") (collecting cases).

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████. *Id.* DivX refused. *Id.* Ex. A ¶ 16.

On February 23, 2021, DivX informed Realtek that "DivX intends on filing a motion to terminate the Investigation-in-part" with respect to all claims in the '297 patent and the '141 patent. *Id.* Ex. A ¶ 8. Realtek responded by saying: "Realtek does not oppose termination of all asserted claims from the '141 and '297 patents against Realtek," but Realtek noted that its non-opposition "is without prejudice to requesting relief under Commission Rules 210.4 and 210.25," which are the ITC's rules analogous to Rule 11. *Id.*

On March 2, 2021, Realtek filed its answer in this case and a Rule 12(c) motion for judgment on the pleadings, based on the fact that the claims of the four patents-in-suit are directed to patent ineligible subject matter under 35 U.S.C. §101. D.I. 26, 27.

In the meantime, fact discovery was nearing completion in the ITC investigation. Fact discovery was originally scheduled to close on March 5, 2021, but it was extended to March 26, 2021. D.I. 34 ¶¶ 5-6 & Exs. 2-3. On March 5, 2021, DivX moved to stay this case. D.I. 30 at 1.

On March 7, Realtek served its Rule 11 motion. Angelis Decl. ¶ 6. That motion raised violations of Rule 11 sanctions, including that DivX's motion was brought for the improper purpose of avoiding the need to conduct third-party discovery on Realtek. Angelis Decl. Ex. A (internal exhibit 7) at 1, 5-6, 17-18. Realtek also showed that DivX's claims were not well grounded in fact or law. *Id.* at 1-3, 6-17.

Plaintiff filed its motion to stay on March 9, 2021, just over two weeks prior to the close of fact discovery in the ITC action. D.I. 30. The Court granted that motion on June 3, 2021, about

a month before trial was to begin in the ITC action. D.I 57. In granting the motion, Judge Hall reasoned: "The ITC case is set for trial next month. The Court finds that this action and the pending ITC case have sufficient overlapping factual and legal issues such that there is a potential for significant simplification of this litigation . . . ." *Id.* at 1.

DivX continued to pursue its claims in the ITC against Realtek until the eve of trial, forcing Realtek to incur millions of dollars in attorneys' fees and costs. Angelis Decl. Ex. A ¶ 16. In early July, just before trial was scheduled to begin on July 7, 2021, DivX once again offered ███████████ ████████████████████████████████████████████████████████████████ ███████████████. *Id.* Realtek again refused because ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████, DivX dismissed all claims against Realtek at, literally, the last possible minute. *See id*. DivX's actions lay bare its plan to use unsupported claims to obtain discovery and then to dismiss on the eve of trial.

DivX settled with LG in late June or early July 2021, at about the same time it dismissed its claims in the ITC against Realtek. *Id.* ¶ 7. DivX thereafter went to trial against TCL and fully litigated its claims against Realtek's accused chips. Although DivX dismissed its claims against Realtek just before trial, it pursued, through trial, its claims that Realtek's video processors, used in TCL's televisions, infringe at least one of DivX's patents. (The claims against Realtek's chips constituted very roughly ¼ of the trial testimony because TCL also used video processors made by MediaTek and because DivX's primary claims—and those that it presented first at trial—were directed to video streaming patents unrelated to any technology Realtek offers. *Id.* ¶ 8).

As part of that trial, DivX presented false and misleading testimony, which was one subject of Realtek's motion for sanctions before the ITC. *Id.* Ex. B. Realtek's motion also noted that

DivX had acted improperly in this case by, among other things, seeking a stay after Realtek had served its Rule 11 motion. *Id.*

Although DivX dismissed its claims against Realtek in July 2021, and it settled its claims against LG in July 2021, it took no action with respect to this case until 14 months later, in September 2022. Angelis Decl. ¶ 9 & Ex. C. Specifically, on July 29, 2021, DivX dismissed its claims against LG with prejudice. D.I. 57. DivX did not, however, take any steps to dismiss its claims against Realtek. Angelis Decl. ¶ 9. DivX also settled with TCL, and it sought dismissal of the claims against TCL on April 26, 2022. *DivX, LLC v. TCL Corp.*, C.A. No. 1:20-cv-01203, D.I. 15 (D. Del. Apr. 26, 2022). Again, DivX did not, however, take any steps to dismiss its claims against Realtek. Angelis Decl. ¶ 10.

It was not until about 14 months after dismissal of claims against Realtek (and LG), on September 13, 2022, that DivX finally contacted Realtek and suggested the parties meet and confer regarding next steps in the district court proceeding. *Id.* ¶ 9 & Ex. C. The parties spoke by phone, and later, on September 30, 2022, Realtek responded that dismissal with prejudice was the only appropriate course of action given the multi-year pendency of the case and Realtek's "grave concerns about the viability of DivX's claims." *Id.* ¶ 11 & Ex. C. DivX replied on September 30, 2022, and indicated that it intended to use the ITC record in this proceeding. *Id.* ¶ 12 & Ex. D. Specifically, it asked Realtek to confirm that the parties could use "the Commission record in the district court proceedings and that the parties will also agree to cross-use of any discovery responses, document productions, reports, transcripts, etc." *Id.*; *see also* 28 U.S.C. § 1659 ("[T]he record of proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action, subject to such protective order as

7

the district court determines necessary, to the extent permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.").

The parties subsequently submitted a Status Report on October 12, 2022.  D.I. 58.  The case then sat dormant for about a year, during which time DivX took no steps to contact the Court or seek dismissal.  On September 8, 2023, the Court set a status conference, and only then did DivX take any steps toward dismissal.  At the Court's instruction, the parties again met and conferred to determine if they could reach agreement.  Angelis Decl. ¶ 13.  During those discussions, Realtek insisted upon dismissal with prejudice for the reasons that had been discussed more than a year earlier.  *Id.*

On September 25, 2023, the parties submitted a letter to the Court explaining their positions.  D.I. 61.  DivX indicated that it was evaluating whether to file an opposed motion to dismiss without prejudice, whether to litigate the case, or whether to agree with Realtek to dismiss with prejudice.  *Id.*  DivX subsequently offered to dismiss its case against Realtek with prejudice if Realtek would agree that such dismissal would not impact its ability to sue Realtek's customers.  Angelis Decl. ¶ 15 & Ex. E.  Realtek declined that request, and it responded that only a dismissal with prejudice would be appropriate given the case history.  DivX filed its motion to dismiss without prejudice on October 30, 2023.

### III.  ARGUMENT

#### A.  Legal Standard

Dismissal, under Federal Rule of Civil Procedure 41(a)(2), is generally granted unless "the defendant 'will suffer plain legal prejudice.'"  *Mirtech, Inc. v. AgroFresh, Inc.*, C.A. No. 20-1170-RGA, 2023 WL 4457006, at *1 (D. Del. July 11, 2023).  Courts historically have used a four-factor test to determine whether the requisite "legal prejudice" exists.  *Id.* at *1-2; *Reach & Assoc.,*

8

*P.C. v. Dencer*, C.A. No. 02-1355-JJF, 2004 U.S. Dist. LEXIS 1918, at *3-4 (D. Del. Feb. 9, 2004) (citing James Wm. Moore, et al., 8 *Moore's Federal Practice* § 41.40[6] (3d ed. Rev. 2003)). Those factors are:

> 1) any excessive and duplicative expense of a second litigation; 2) the effort and expense incurred by a defendant in preparing for trial; 3) the extent to which the pending litigation has progressed; and 4) the claimant's diligence in moving to dismiss."

*Mirtech*, 2003 WL 4457006, at *2.

Although the four-factor test listed above is designed to assess whether "legal prejudice" exists that would preclude dismissal under Rule 41(a)(2), rather than whether dismissal should be with prejudice or without prejudice, Judge Andrews has ruled that those same factors should be considered in determining whether to dismiss with or without prejudice. *Id.* at *2 n.4. Judge Stark also appears to have applied those factors in determining whether dismissal should be with, or without, prejudice. *Wi-Lan Inc. v. Sharp Elecs. Corp.*, C.A. No. 15-379-LPS, 2018 WL 914779 at *1 (D. Del. Feb. 15, 2018). Regardless, it is well established that this Court has discretion to enter dismissal with prejudice, or without prejudice, based on the circumstances. *Id.* at *1-2 ("Where appropriate, the Court can enter a dismissal with prejudice even if the plaintiff files its Rule 41 motion specifically seeking a dismissal without prejudice.") (citing *Chodorow v. Roswick*, 160 F.R.D. 522, 524-24 (E.D. Pa. 1995) and Fed. R. Civ. P. 41(a)(2)); *see also Chodorow*, 160 F.R.D. at 523 (explaining that dismissal should be with prejudice "where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action").

Courts in the Third Circuit routinely grant dismissal with prejudice even when the plaintiff has sought dismissal without prejudice based on the circumstances of the case. *See, e.g.*, *Wrinkl, Inc. v. Meta Platforms*, C.A. No. 20-1345-RGA, 2023 WL 6929359, at *2 (D. Del. Oct. 19, 2023) (dismissing claims with prejudice, including claims not adjudicated in a companion proceeding in

9

favor of which the litigation had been stayed, and noting that dismissal with prejudice "does not prevent Plaintiff from asserting the four surviving claims against anyone other than Defendants in this case"); *Emmanouil v. Mita Mgmt, LLC*, No. 11-5575 (MAS)(TJB), 2015 WL 5023049, at *4 (D.N.J. Aug. 24, 2015) (granting dismissal with prejudice because there was a "risk, although low, of a second suit and [because of] the stage of th[e] litigation"); *Hoffman-La Roche Inc. v. Genpharm, Inc.*, 50 F. Supp. 2d 367, 372 (D.N.J. 1999) (determining that "it would be inequitable to give plaintiffs the opportunity to re-file this action" based on the facts); *Chodorow*, 160 F.R.D. at 523-24 (granting dismissal because of the passage of time that would occur if a future case were brought and the questionable merits of the underlying case).

Another court has dismissed claims, with prejudice, in strikingly similar circumstances. In that case, *Pathway Innovations and Technologies, Inc. v. IPEVO Inc.*, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal.), district court litigation had been stayed in favor of an ITC action involving the same parties and overlapping claims. *Pathway* later withdrew its ITC claims against IPEVO shortly before trial. The parties then filed a status report in which *Pathway* said that it would request dismissal without prejudice. *See* Joint Statement Regarding Case Status, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal. Jan. 3, 2020); *see also* Memorandum of Points and Authorities in Support of Plaintiff's Motion for Voluntary Dismissal Without Prejudice, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal. Jan. 4, 2020) (arguing that the case should be dismissed without prejudice because it was "in its infancy due to a mandatory stay in view of a parallel United States International Trade Commission (ITC) investigation . . . ."). In response, Judge Bencivengo set a telephonic conference with the parties, at which she said that she would not accept dismissal without prejudice given that the claims at issue had gone nearly to trial at the ITC, and the case therefore had proceeded too far for dismissal without prejudice to be equitable. Angelis Decl.

¶ 18. She therefore dismissed the claims with prejudice. *See* Dismissal with Prejudice, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal. Feb. 13, 2020).

### B. The First Factor Weighs In Favor of Dismissal with Prejudice Because a Second Litigation Would Entail Excessive and Duplicative Expenses

As shown above, the parties completed fact and expert discovery before the ITC, completed pre-trial proceedings before the ITC, and went through trial at the ITC. In the process, they built an extensive record to be used in this proceeding. Realtek incurred millions of dollars in fees and costs in building that record. DivX has recognized the importance of that record by announcing that it intended to take advantage of "the Commission record in [this] proceeding[]" and seeking confirmation that the parties "will also agree to cross-use of any discovery responses, document productions, reports, transcripts, etc." *See supra* p. 7. Now, however, DivX is pursuing dismissal without prejudice so that it can sue Realtek and its customers again, at some unspecified later time. The record developed in the ITC is contemporaneous with, and relevant to, the claims brought in this proceeding. Rebuilding it in a future proceeding, after it is stale and Realtek has developed new products, would entail millions of dollars in excessive and duplicative expenses. In addition, during that time, "memories may fade, documents may get lost, and witnesses may disappear." *Chodorow*, 160 F.R.D. at 523-24. That is especially a concern here, where DivX contended at trial that it did not obtain all of the discovery it needed regarding Realtek's processors. Angelis Decl. ¶ 19.[4]

---

[4] Realtek offers specific chip models, which can be used in televisions offered by different customers. Angelis Decl. ¶ 19. DivX evidently intends, in the future, to pursue claims against those same chips, as well as those launched in the future. *Id.* Those chips are sold by Realtek's distributors and ultimately used by a downstream TV seller. *Id.* Thus, in a future proceeding, much of the discovery from the ITC would be reusable, but only if the products and witnesses remain the same and remain available. *Id.*

11

There are significant efficiencies in proceeding with this litigation now, and the subsequent proceedings that DivX wants to bring would entail excessive and duplicative expenses. This is *not* a case in which the prejudice is merely that a future lawsuit may be brought. The prejudice is that work already performed will become useless and will need to be duplicated. This factor therefore weighs in favor of dismissal with prejudice.

      **C.    The Second Factor Weighs in Favor of Dismissal with Prejudice Because Realtek Expended Millions of Dollars in Preparing for Trial**

Realtek conducted months of fact and expert discovery, litigated objections and motions in limine, and spent millions of dollars preparing for trial. That work was intended to apply not only to the ITC proceeding but also to this proceeding. As shown, DivX intended it to be used in this proceeding. *See supra* p. 7. The Court also believed the ITC record would be used here. *See* D.I. 57 at 1 ("The ITC case is set for trial next month. The Court finds that this action and the pending ITC case have sufficient overlapping factual and legal issues such that there is a potential for significant simplification of this litigation . . . .").

The fact that so much work was done before the ITC is what convinced Judge Bencivengo, in the analogous *Pathway* litigation, to dismiss the case with prejudice. There, the district court litigation had been stayed at a much earlier stage—and unlike here—there were no motions to dismiss filed, Rule 11 proceedings, or contested motions to stay. Angelis Decl. ¶ 16. But Judge Bencivengo determined that the district court case should nonetheless be dismissed with prejudice because too much work had been performed before the ITC for dismissal without prejudice to be equitable. *Id.* ¶ 17-18.

DivX tries to distinguish *Pathway* but that effort fails. DivX first argues that *Pathway* is distinguishable because no trial occurred in that case, whereas a trial occurred here. Mot. at 7. That distinction weighs in favor, not against, dismissal with prejudice. In *Pathway*, Judge

12

Bencivengo held that too much work had been performed on claims against IPEVO's products for dismissal without prejudice to be equitable. Here, even more work occurred—a full trial accusing Realtek's products. Thus, as in *Pathway*, the amount of work performed preparing for trial weighs in favor of dismissal with prejudice.

DivX also argues that *Pathway* is distinguishable because IPEVO and the other defendants each sold their own products, while Realtek supplies chips used in multiple products. Mot. at 7. That is not a distinction between the two cases. If dismissal were without prejudice, IPEVO and its customers, like Realtek and its customers, could be sued in a subsequent proceeding for— among other things—making, using, selling, or importing the accused products. That is why dismissal with prejudice was warranted. The same is true here. DivX misleadingly says that "the discovery related to TCL is no longer the critical discovery in this dispute," Mot. at 7, but it was never the critical discovery in this case. This case is against *LG* and *Realtek*. Moreover, the discovery from TCL in the ITC was limited. The relevant technical discovery on which DivX relied at trial—i.e. discovery regarding the claims of infringement for the encryption patents asserted against Realtek's chips—came largely from Realtek. Angelis Decl. ¶ 8. That discovery was complete in the ITC (even though DivX argued that it was untimely), and Realtek spent massive sums preparing for trial. *Id.* Thus, this factor weighs in favor of dismissal with prejudice.

DivX's argument (Mot. at 8) that discovery would start from scratch in this litigation, if it were to proceed, is simply false. Indeed, it is impossible to reconcile that argument with DivX's demand that Realtek confirm that it could use "the Commission record in [this] proceeding[]" including "cross-use of any discovery responses, document productions, reports, transcripts, etc." *See supra* p. 7. If DivX truly believed discovery would start from scratch, it would not have insisted that the Commission record be available in this proceeding.

Thus, as in *Pathway*, too much work has been done here in preparing for trial to make dismissal without prejudice equitable. This factor therefore weighs heavily in favor of dismissal with prejudice.

### D. The Third Factor Weighs in Favor of Dismissal with Prejudice Because the Pending Litigation Progressed Through Trial

This factor overlaps with the Second Factor, and it likewise weighs strongly in favor of dismissal with prejudice. The ITC action generated "discovery responses, document productions, reports, transcripts, etc.," *see supra* p. 7, all of which were designed, as Judge Hall noted, to create "significant simplification of this litigation," D.I. 57 at 1. Because fact and expert discovery and pre-trial proceedings concluded in the ITC proceeding, and all of the witnesses testified at trial, this case has progressed significantly. This factor therefore weighs heavily in favor of dismissal with prejudice.

### E. The Fourth Factor Weighs in Favor of Dismissal with Prejudice Because DivX Was Not Diligent in Moving to Dismiss

DivX sought dismissal of all ITC claims against Realtek in July 2021. Angelis Decl. Ex. A ¶ 16. DivX also dismissed its claims against co-defendant LG, with prejudice, in July 2021. But DivX made no effort to dismiss this case. Instead, it took a "wait and see" attitude, hoping to see how the claims against TCL (which targeted, in part, Realtek's chips) before dismissing the claims against Realtek in this action. *Id.* ¶¶ 9-15. DivX may argue that it was justified in waiting because its claims in this case extended beyond the use of Realtek chips in LG products, and those claims extended to the use of Realtek chips in TCL products. But DivX dismissed its claims against TCL, based on a settlement, in April 2022, and it did not even reach out to Realtek regarding this case until September 2022. Angelis Decl. ¶ 11 & Ex. C; *DivX, LLC v. TCL Corp.*, C.A. No. 1:20-cv-01203, D.I. 15 (D. Del. Apr. 26, 2022). DivX may also argue that it was justified

in waiting because Realtek's sanctions motion was pending. There is nothing about the sanctions motion, however, that precluded DivX from moving forward with this case, and DivX's inaction solidifies the conclusion that it brought this case for the improper purpose of seeking discovery and never intended to pursue claims against Realtek.

Moreover, as shown above, DivX accused the TCL products in a separate lawsuit, and DivX generally would not be permitted to adjudicate claims involving the same products in two different actions. *See supra* p. 1-2 & n.1. Had DivX exercised the required diligence, it would have dismissed the claims in this action after dismissing the claims against LG. As discussed above, DivX should not have been able to wait until after the dismissal of claims against TCL to dismiss this action, but even if there were a basis for waiting, it still took no action between April 2022, when it dismissed claims against TCL, and September 2022 when it first reached out about dismissal, and it then waited another year before filing the instant motion.

DivX's "wait and see" approach is the opposite of diligence. In *Mirtech*, Judge Andrews explained that he "do[es] not think a *wait-and-see* approach is 'diligence.'" 2023 WL 4457006, at *3 (emphasis added). The same is true here. DivX did not act diligently to dismiss the claims here, after it dismissed the claims against Realtek in the ITC and against LG in the ITC and in this Court, preferring instead to develop the trial record for potential use against Realtek, and then stating that it intended to use that trial record in this litigation, in an effort to secure dismissal without prejudice.

DivX's dilatory conduct is stark. The trial ended (and DivX settled with LG) no later than July 2021, but DivX did not approach Realtek about dismissal until 14 months later, September 2022. *See supra* pp. 14-15. (And as explained, DivX dismissal all claims against TCL in April 2022). Only in September and October 2022 did DivX work with Realtek to submit a status report

15

presenting the parties positions about how the case should proceed. And after submitting the status report, DivX took no action for over a year. It is true that the Court likewise took no action during that time, and Judge Hall told the parties at a status conference that the Court bears part of the blame for the delay because it failed to act. Angelis Decl. ¶ 13. But DivX is the Plaintiff and had an obligation to prosecute its case. DivX cannot blame the Court for its own inaction. DivX could have filed a motion to reopen the case or could have moved to dismiss. It did neither. DivX has not shown diligence at any stage of this proceeding. This factor therefore weighs in favor of dismissal with prejudice.

### F. The Pending Sanctions Appeal Does Not Provide Any Basis for Dismissal Without Prejudice

DivX argues that, if Realtek believes that DivX acted improperly before the ITC, "the place to request such relief was the ITC not the district court." Mot. at 8. That is precisely what Realtek is doing.[5] But this Court has an established test for evaluating dismissal with prejudice, and each of the factors demonstrates that it would be inequitable to dismiss this case without prejudice.

DivX's analysis of the relevant factors (Mot. at 6) is useless to the Court because DivX ignores the ITC action, ignores that this matter was stayed so that a record could be fully developed in the ITC for use in this case, and ignores that DivX itself insisted that the extensive record in the ITC investigation be used in this case. Indeed, each of the arguments DivX makes about why this case should be considered in isolation was rejected by Judge Bencivengo in the *Pathway* litigation. She determined that it would be inequitable to allow dismissal without prejudice given the

---

[5] Realtek sought sanctions for DivX's misconduct before the International Trade Commission, which the Commission chose not to award. Angelis Decl. ¶ 3. Realtek's appeal of the Commission's decision is pending before the Federal Circuit. *Id.*

extensive work that was done prior to dismissal of claims in the ITC. Here, even more work was performed, and DivX has shown less diligence.

## IV. CONCLUSION AND RELIEF REQUESTED

Because each of the factors weighs in favor of dismissal with prejudice, Realtek respectfully asks the Court to dismiss this case with prejudice.

November 27, 2023

**K&L GATES LLP**

/s/ *Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7080
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Of Counsel:*

**K&L GATES LLP**
Theodore J. Angelis
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 623-7580
theo.angelis@klgates.com
elizabeth.weiskopf@klgates.com
nicholas.lenning@klgates.com

*Attorneys for Defendant*
*Realtek Semiconductor Corp.*