# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVX, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>LG ELECTRONICS INC.; LG ELECTRONICS U.S.A., INC., and REALTEK SEMICONDUCTOR CORP.,<br><br>   Defendants. | C.A. No. 20-cv-1202-CFC-JLH<br><br>**PUBLIC VERSION**<br>**FILED DECEMBER 8, 2023** |

**DECLARATION OF THEODORE J. ANGELIS IN SUPPORT OF DEFENDANT REALTEK SEMICONDUCTOR CORP.'S OPPOSITION TO PLAINTIFF DIVX, LLC'S MOTION TO DISMISS WITHOUT PREJUDICE**

I, Theodore J. Angelis, declare as follows:

1. I am outside counsel for Defendant Realtek Semiconductor Corp. ("Realtek") in this case, and I served as outside counsel for Realtek in ITC Investigation No. 337-TA-1222. I also served as counsel for IPEVO Inc. in *Pathway Innovations and Technologies, Inc. v. IPEVO Inc.*, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal.), which is a case—as here—in which the Complainant in an ITC investigation dismissed all claims shortly before trial before the ITC and then tried to dismiss the corresponding district court case without prejudice. I have personal knowledge of the facts in this declaration, and I am competent to testify.

2. Attached hereto as Exhibit A is a true and correct copy of the Declaration that I submitted in the ITC, in the 1222 Investigation, in support of Realtek's motion for sanctions. That declaration includes exhibits 1-9, all of which are also included within Exhibit A.

3. Attached hereto as Exhibit B is a true and correct copy of the memorandum in support of sanctions that Realtek filed before the ITC. The ALJ did not award sanctions on procedural grounds, and the Commission adopted the ALJ's order without comment. Realtek has petitioned the Federal Circuit for review, and that petition is pending.

4. On March 2, 2021, Realtek filed its answer in this case and a Rule 12(c) motion for judgment on the pleadings, based on the fact that the claims of the four patents-in-suit are directed to patent ineligible subject matter under 35 U.S.C. §101. The answer and motion are D.I. 26 and 27.

5. At the time Realtek filed its answer and motion to dismiss, fact discovery was nearing completion in the ITC investigation. Fact discovery was originally scheduled to close on March 5, 2021, but it was extended to March 26, 2021, as shown in D.I. 34 ¶¶ 5-6 & Exs. 2-3. On March 5, 2021, DivX moved to stay this case. D.I. 30 at 1.

6.      On March 7, 2021 Realtek served its Rule 11 motion.  A true and correct copy of that motion is internal Exhibit 7 to Exhibit A.

7.      As discussed in my prior declaration, attached as Exhibit A, DivX indicated late in the day on Saturday, July 3, 2021, that it would seek to withdraw all claims against Realtek and filed its motion on July 4, 2021, just before the hearing was set to begin on July 6, 2021.  At about the same time, in late June 2021 or early July 2021, DivX settled all claims it brought against LG.

8.      DivX thereafter went to trial against TCL, on July 6, 2021, and it fully litigated its claims against Realtek's accused chips.  Although DivX had dismissed its claims against Realtek just before trial, it pursued, through trial, its claims that Realtek's video processors, used in TCL's televisions, infringe at least one of DivX's patents.  (The claims against Realtek's chips constituted very roughly ¼ of the trial testimony because TCL also used video processors made by MediaTek and because DivX's primary claims—and those that it presented first at trial—were directed to video streaming patents unrelated to any technology Realtek offers.).  The technical discovery on which DivX relied at trial, for the claims of infringement for the encryption patents asserted against Realtek's chips, came largely from Realtek.  That discovery was complete in the ITC (even though DivX argued that it was untimely), and Realtek had incurred millions of dollars in fees and costs in the 1222 Investigation prior to dismissal of claims against it in early July 2021.

9.      Although DivX dismissed its claims against Realtek in July 2021, and it settled its claims against LG in July 2021 (seeking dismissal with prejudice on July 29, 2021), it took no action with respect to this case until 14 months later, in September 2022.  Attached hereto as Exhibit C is a true and correct copy of the September 13, 2022 email from DivX's counsel, which according to my recollection, was the first email to discuss dismissal of DivX's claims in this case.

10. Notably, DivX had also settled with TCL, and it sought dismissal of the claims against TCL, on April 26, 2022. *DivX, LLC v. TCL Corp.*, C.A. No. 1:20-cv-01203, D.I. 15 (D. Del. Apr. 26, 2022). DivX did not, however, take any steps to dismiss its claims against Realtek at that time.

11. It was not until September 13, 2022 that DivX finally contacted Realtek and suggested the parties meet and confer regarding next steps in the district court proceeding. The parties spoke by phone, and later, on September 30, 2022, Realtek responded that dismissal with prejudice was the only appropriate course of action given the multi-year pendency of the case and Realtek's "grave concerns about the viability of DivX's claims." (Exhibit C).

12. DivX replied on September 30, 2022, and indicated that it intended to use the ITC record in this proceeding. A true and correct copy of that email is attached hereto as Exhibit D. Specifically, counsel for DivX asked Realtek to confirm that the parties could use "the Commission record in the district court proceedings and that the parties will also agree to cross-use of any discovery responses, document productions, reports, transcripts, etc."

13. The parties subsequently submitted a Status Report on October 12, 2022, as D.I. 58. The case then sat dormant for about a year, during which time DivX took no steps to contact the Court or seek dismissal. On September 8, 2023, the Court set a status conference, and only then did DivX take any steps toward dismissal. At the conference, Realtek noted the lack of diligence on DivX's part. I do not have a copy of the transcript, but I recall that Judge Hall noted, in response to Realtek's argument, that the Court bears part of the blame for the delay because it failed to act after the initial report was filed. At the Court's instruction, the parties again met and conferred to determine if they could reach agreement on the form of dismissal. During those

discussions, Realtek insisted upon dismissal with prejudice for the reasons that had been discussed more than a year earlier.

14. On September 25, 2023, the parties submitted a letter to the Court explaining their positions, which was D.I. 61. DivX indicated that it was evaluating whether to file an opposed motion to dismiss without prejudice, whether to litigate the case, or whether to agree with Realtek to dismiss with prejudice. *Id.*

15. DivX subsequently offered to dismiss its case against Realtek with prejudice if Realtek would agree that such dismissal would not impact its ability to sue Realtek's customers. Attached hereto as Exhibit E is a true and correct copy of the email making that offer and the proposed stipulation. Realtek declined that request, and it responded on October 24, 2023, that only a dismissal with prejudice would be appropriate given the case history. Attached hereto as Exhibit F is a true and correct copy of that response email. DivX filed its motion to dismiss without prejudice on October 30, 2023.

16. I was counsel of record in the *IPEVO* litigation mentioned above: *Pathway Innovations and Technologies, Inc. v. IPEVO Inc.*, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal.). In that case, the district court litigation before Judge Bencivengo had been stayed in favor of an ITC action involving the same parties and overlapping claims. There, Judge Bencivengo had stayed the district court litigation at a much earlier stage—and unlike here—there were no motions to dismiss filed, Rule 11 proceedings, or contested motions to stay. *Pathway* withdrew its ITC claims against IPEVO shortly before trial.

17. The parties filed a status report in which *Pathway* said that it would request dismissal without prejudice. *See* Joint Statement Regarding Case Status, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal. Jan. 3, 2020); *see also* Memorandum of Points and Authorities in Support

4

of Plaintiff's Motion for Voluntary Dismissal Without Prejudice, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal. Jan. 4, 2020) (arguing that the case should be dismissed without prejudice because it was "in its infancy due to a mandatory stay in view of a parallel United States International Trade Commission (ITC) investigation . . . .").

18. In response, Judge Bencivengo set a telephonic conference with the parties, at which she said that she would not accept dismissal without prejudice given that the claims at issue had gone nearly to trial at the ITC, and the case therefore had proceeded too far for dismissal without prejudice to be equitable. She therefore dismissed the claims with prejudice. *See* Dismissal with Prejudice, Case No. 3:17-cv-00312-CAB-BLM (S.D. Cal. Feb. 13, 2020).

19. During the trial in the 1222 Investigation before the ITC, and in subsequent Commission review, DivX defended itself against claims that it provided false testimony by arguing that it did not timely receive discovery regarding the Realtek chips used in certain products. That argument was unfounded because publicly available information from a decade earlier, and the discovery it did receive, provided the information DivX incorrectly contends it did not have. Regardless, DivX has put at issue the discovery that occurred in the 1222 Investigation, which means that, in future litigation, it will seek to augment the discovery regarding the chips that were at issue in the ITC investigation and that are at issue in this case. By way of background, the 1222 ITC investigation—that is related to this case—involved several Realtek video chips, which were used in LG and TCL smart TVs. Realtek generally offers chip models with certain code names, which are used in televisions offered by different customers. I understand that DivX intends, in the future, to pursue claims against the same chips used in the LG and TCL smart TVs, as well as against chips those launched in the future. Such chips are sold by Realtek's distributors and ultimately used by a downstream TV seller. Thus, in a future proceeding, much of the

discovery from the ITC would be reusable, but only if the products and witnesses remain the same and remain available.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct to the best of my recollection.

Dated: November 27, 2023

/s/ Theodore J. Angelis
Theodore J. Angelis