IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVX, LLC, | ) |
| Plaintiff, | ) Civ. Action No. 20-1202-JLH |
| v. | ) |
| REALTEK SEMICONDUCTOR CORP., | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

This is a patent infringement case. Pending before the Court is Plaintiff DivX, LLC's ("DivX's") Motion to Dismiss Without Prejudice. (D.I. 65.) Defendant Realtek Semiconductor Corp. ("Realtek") does not oppose dismissal, but it wants dismissal with prejudice. DivX's motion is GRANTED, and the case is DISMISSED without prejudice.

I.  **BACKGROUND**

On September 9, 2020, DivX filed a complaint for patent infringement against LG Electronics, Inc., LG Electronics U.S.A., Inc. (collectively, "LG"), and Realtek. The next day, Plaintiff filed a complaint with the International Trade Commission involving the same patents against LG, Realtek, some TCL entities (RealTek's customer), and others. In November 2020, shortly after the ITC instituted an investigation, LG filed an unopposed motion to stay this case as to LG, which the Court granted. (D.I. 13, 15.) Realtek did not move to stay at that time.

On March 2, 2021, Realtek answered (D.I. 25) and filed a motion for judgment on the pleadings (D.I. 26). On March 9, 2021, DivX moved to stay pending a final determination by the ITC. (D.I. 30.) On March 23, 2021, DivX filed an Amended Complaint. (D.I. 32.) On April 6, 2021, Realtek answered the amended complaint (D.I. 42) and filed another motion for judgment

on the pleadings (D.I. 43).  On June 3, 2021, the Court stayed the case.  (D.I. 55.)  On July 29, 2021, DivX and LG stipulated to dismissal.  (D.I. 57.)

DivX terminated Realtek from the ITC investigation prior to the hearing, leaving TCL, Realtek's customer, as the sole respondent.  After the hearing, DivX and TCL settled and jointly moved to terminate the ITC investigation, which the ALJ granted on April 22, 2022.

In October 2022, DivX and Realtek filed a status report advising this Court that the ITC case was over and that "[DivX] has informed Realtek that [DivX] will move to dismiss its claims against Realtek without prejudice upon the reopening of this case." (D.I. 58 at 2.)  From there, nothing happened until the Court ordered a status conference in September 2023.  (D.I. 59.)  At that time, the parties agreed that the case should be dismissed but disputed whether it should be with or without prejudice.  (D.I. 61, 63.)  On October 30, 2023, Plaintiff filed the pending motion to dismiss without prejudice.  (D.I. 65.)  Realtek does not oppose dismissal, but it wants dismissal with prejudice.

On January 12, 2024, the case was reassigned to me.

II.     **LEGAL STANDARD**

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides as follows:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  "[T]he grant or denial of voluntary dismissal without prejudice is a matter of judicial discretion . . . ." *Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951).  In the Third Circuit, "the general rule is that such a motion should be granted liberally." *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013) (citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990)).  An exception to this rule is where "the defendant 'will suffer plain legal

2

prejudice,' beyond the 'mere prospect that [it] will face a subsequent lawsuit.'" *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 2018 WL 914779, at *1 (D. Del. Feb. 15, 2018) (quoting *Reach & Assocs., P.C. v. Dencer*, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004)). In determining whether legal prejudice will result from dismissal of a claim without prejudice, courts in this circuit consider (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; and (4) the claimant's diligence in moving to dismiss. *Wi-LAN*, 2018 WL 914779, at *1; *Reach*, 2004 WL 253487, at *1.

### III.    DISCUSSION

When the Court stayed this case in 2021, it was in its infancy. It still is. There is no scheduling order and there has been no discovery.[1] Having considered the factors, the Court will exercise its discretion to grant DivX's request to dismiss the case without prejudice.

NOW THEREFORE, for the reasons set forth above, it is HEREBY ORDERED that Defendant's Motion to Dismiss Without Prejudice (D.I. 65) is GRANTED, and the Complaint is DISMISSED without prejudice. The Clerk of the Court is directed to close the case.

Date: June 4, 2024

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[1] For this reason, I find that a dismissal without prejudice would not result in a significant or duplicative additional expense were DivX to file again. Realtek points out that an extensive record was developed before the ITC (D.I. 69 at 11), but I see no reason why any benefit the ITC record would provide in this case wouldn't be available in any subsequent case.
  Realtek also points out that it spent "millions of dollar[s] and fees and costs" in the ITC case. (D.I. 69 at 3.) But if Realtek thinks that DivX acted improperly in the ITC proceeding, Realtek can ask the Commission for relief. Indeed, the record reflects that Realtek sought sanctions in the ITC, and the Commission's decision not to award sanctions is currently on appeal to the Federal Circuit. *Realtek Semiconductor Corporation v. ITC*, No. 23-1095 (Fed. Cir.).